Abdoulie CEESAY

v.

**IMMIGRATION AND NATURALIZATION SERVICE.**

Civil No. S 97–3321.

United States District Court, D. Maryland.

Oct. 1, 1997.

Chris Asher, International Law Offices, Washington, DC, for Plaintiff.

Lynne A. Battaglia, Baltimore, MD, for Defendant.

### MEMORANDUM OPINION

SMALKIN, District Judge.

On September 30, 1997, the Court received an "Emergency Motion for Stay of Deportation," filed by Attorney Chris Asher, seeking a stay of removal (formerly denominated *deportation*) proceedings instituted against his client by the Attorney General of the United States. The motion recites that Mr. Ceesay had sought, by motion, a stay from the Board of Immigration Appeals, which dismissed the motion summarily on September 29, 1997.

Among other things, Mr. Ceesay urges that "unless the [present] motion is granted, he and his wife's substantive and procedural due process [sic] will be seriously violated."

This Court, as a United States District Court, has no jurisdiction to review any order of removal to which Mr. Ceesay may be subject, or any order of the Board of Immigration Appeals in connection therewith. The exclusive jurisdiction over such matters rests with the United States Courts of Appeal. *Auguste v. Attorney General,* 118 F.3d 723 (11th Cir.1997). As the Eleventh Circuit made clear in *Auguste,* whether or not constitutional issues are raised, the district courts have no statutory or common law (e.g., habeas corpus) jurisdiction to exercise the power of judicial review over removal (deportation) matters, such jurisdiction being vested exclusively in the Courts of Appeal. 118 F.3d at 725–27. Indeed, the case cited by Mr. Ceesay's attorney in his emergency motion, *viz., De Leon v. INS,* 115 F.3d 643 (9th Cir.1997), deals only with internal procedures adopted by the Court of Appeals for the Ninth Circuit for dealing with applications for stays of removal (deportation) orders. There is utterly nothing in that case that supports any view that the United States District Courts have any jurisdiction over such orders. In fact, quite the opposite is apparent from the decision in *De Leon.*

In that it would be in the interests of justice to transfer this case to the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 1631, rather than to dismiss it outright, the Court will enter an Order separately, that transfers this case to that court.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is, this 1st day of October, 1997, by the Court, ORDERED:

1. That, this Court lacking jurisdiction, this case BE, and the same hereby IS, TRANSFERRED to the United States Court of Appeals for the Fourth Circuit, pursuant to 28 U.S.C. § 1631;

2. That the Clerk of this Court forthwith transmit the record herein to the Clerk of the United States Court of Appeals for the Fourth Circuit; and

3. That the Clerk of Court mail copies hereof to counsel.