AMERICAN-ARAB ANTI–DISCRIM-INATION COMMITTEE, et al., Plaintiffs,

and

Aiad Barakat; Naim Sharif; Khader Musa Hamide; Nuangugi Julie Mungai; Ayman Mustafa Obeid; Amjad Obeid; Michel Ibrahim Shehadeh; Bashar Amer, Plaintiffs–Appellees,

v.

Janet RENO, Attorney General; Harold Ezell; C.M. McCullough; Doris Meissner, Commissioner, INS; Ernest E. Gustafson, Personally and in his capacity as past District Director of the Immigration and Naturalization Service; Richard K. Rogers, District Director, Personally and in his capacity as District Director of the Immigration and Naturalization Service; Gilbert Reeves, Personally and in his capacity as an Officer of the Immigration and Naturalization Service; Immigration and Naturalization Service, Defendants–Appellants.

Nos. 96–55929, 97–55479.

United States Court of Appeals, Ninth Circuit.

Dec. 23, 1997.

Before: D.W. NELSON and CANBY, Circuit Judges, and TANNER,* District Judge.

Order; Dissent by Judge O'SCANNLAIN.

* The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation.

## ORDER

The members of the panel that decided this case voted unanimously to deny the petition for rehearing and all recommended rejection of the suggestion for rehearing en banc.

The full court was advised of the suggestion for rehearing en banc. An active judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc consideration. (Fed. R.App. P. 35.)

The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.

O'SCANNLAIN, Circuit Judge, with whom KOZINSKI and KLEINFELD, Circuit Judges, join, dissenting from denial of rehearing en banc:

Congress unambiguously revoked judicial review of deportation proceedings—with but one exception—when it passed, and the President signed into law, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, div. C, 110 Stat. 3009 (1996). Today, the Ninth Circuit nullifies the express intent of the elected branches of our government by carving out yet another exception, one which is neither contemplated nor permitted by the plain language of the statute. In so doing, we are in tension with the two other circuits which have addressed IIRIRA's jurisdiction-stripping provisions, *see Auguste v. Attorney General,* 118 F.3d 723 (11th Cir.1997); *Ramallo v. Reno,* 114 F.3d 1210 (D.C.Cir.1997), as well as a prior decision of this court itself, *Duldulao v. INS,* 90 F.3d 396 (9th Cir.1996). Because I fear today's action inflicts mischief on the sound administration of our nation's immigration laws in the nine western states, I respectfully dissent from the court's decision not to review this case *en banc.*

## I

In IIRIRA, Congress stated:

*Except as provided in this section* and notwithstanding any other provision of law, *no court shall have jurisdiction* to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g) (emphasis added). As the opening clause suggests, Congress's elimination of jurisdiction over removal cases is not absolute. Another portion of section 1252, with unmistakable clarity, limits the number of exceptions to but one:

Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this chapter shall be available *only* in judicial review of a final order under this section.

8 U.S.C. § 1252(b)(9) (emphasis added).

At the risk of belaboring the obvious, when Congress says "only," it usually means "only." The *only* permitted judicial review of removal proceedings is the review of *final* orders. Under the plain language of IIRIRA, decisions by the Attorney General to commence proceedings and to adjudicate cases are simply not reviewable until the final order stage.

Nevertheless, this court now "finds" a second exception,[1] because "[a]ny other reading

---

1. The opinion locates this exception in § 1252(f)(1), which reads:

    Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, other than with respect to the application of such

    provisions to an individual alien against whom proceedings under such part have been initiated.

    8 U.S.C. § 1252(f)(1). Contrary to the panel's interpretation, subsection (f) is not a *grant* of jurisdiction of any kind, but rather an *additional restriction* on jurisdiction that applies unless proceedings have been brought against an individual alien under part IV of this subchapter. Appropriately, subsection (f) is entitled "Limit on injunctive relief." The exception *within* this sub-

would present serious constitutional problems." *American–Arab Anti–Discrimination Committee v. Reno,* 119 F.3d 1367, 1373 (9th Cir.1997). Our circuit apparently believes that the narrowing of judicial review of deportation proceedings may violate the Constitution. To avoid these perceived problems, the court called upon "the well-established principle that *where possible,* jurisdiction-limiting statutes should be interpreted to preserve the authority of the courts to consider constitutional claims." *Id.* at 1372 (emphasis added).

With respect, the opinion's reliance on this principle of constitutional avoidance—interpreting statutes to avoid perceived constitutional infirmities—is without foundation in the facts of this case. As the opinion itself admits, the principle is to be invoked only "where possible." Whatever the merits of constitutional avoidance might be, no court may "avoid" a perceived conflict when the text is unambiguous, as it is here. The avoidance canon, invoked with such abandon, amounts to nothing less than rewriting the statute.[2]

Moreover, judicial decisions based on constitutional avoidance are all the more suspect, quite frankly, when there is no constitutional infirmity to avoid. That is precisely the scenario in this case. As the Supreme Court has stated:

> Deportation is not a criminal proceeding and has never been held to be punishment. No jury sits. *No judicial review is guaranteed by the Constitution.*

*Carlson v. Landon,* 342 U.S. 524, 537, 72 S.Ct. 525, 533, 96 L.Ed. 547 (1951) (emphasis added). Just four years ago, the Supreme Court reminded us that, "[f]or reasons long recognized as valid, the responsibility for regulating the relationship between the United States and our alien visitors has been committed to the political branches of the Federal Government. [O]ver no conceivable·

subject is the legislative power of Congress more complete." *Reno v. Flores,* 507 U.S. 292, 305, 113 S.Ct. 1439, 1449, 123 L.Ed.2d 1 (1993) (quoting *Mathews v. Diaz,* 426 U.S. 67, 81, 96 S.Ct. 1883, 1892, 48 L.Ed.2d 478 (1976); *Fiallo v. Bell,* 430 U.S. 787, 792, 97 S.Ct. 1473, 1478, 52 L.Ed.2d 50 (1977)) (internal quotation marks omitted) (citations omitted) (alteration in original). Heeding these very words, this court has previously declared that "aliens have no constitutional right to judicial review of deportation orders." *Duldulao v. INS,* 90 F.3d 396, 400 (9th Cir.1996).

But alas, today's decision now creates an exception to this long-established rule. According to the opinion, the distinguishing factor in this case is that the plaintiffs have raised a First Amendment claim of selective enforcement. What the opinion overlooks, however, is that such exception swallows the constitutional principle. To fit within the exception, a potential deportee need only assert a First Amendment violation. Even if the claim were frivolous, no court can so rule until after obtaining jurisdiction. Because the question of jurisdiction logically precedes the question of merit, today's decision, which purports to expand jurisdiction only to meritorious First Amendment claims, actually broadens jurisdiction to all such claims, frivolous and meritorious alike. By artful pleading, a potential deportee now is entitled to judicial review notwithstanding the statute and the cases holding that there exists no constitutional right to judicial review in deportation matters. Nothing could be more contrary to both Supreme Court precedent and this court's decision in *Duldulao.*[3]

**II**

By finding a constitutional infirmity where none exists and then engrafting onto the statute an exception of our own creation, we

---

section is clearly only an exception *to* this subsection.

**2.** To be sure, it is the duty of the courts, when they *have* jurisdiction, to declare unconstitutional any law that violates a protected right. Even then, the power to strike down a statute as unconstitutional does not include the power to

amend it. *See* Frederick Schauer, Ashwander Revisited, 1995 Sup.Ct. Rev. 71, 74, 97–98.

**3.** Not surprisingly, the only other circuits to have dealt with the issue have upheld IIRIRA's limitations on federal court jurisdiction. *See Auguste,* 118 F.3d at 726–27; *Ramallo,* 114 F.3d at 1214.

undermine the unambiguous intent of Congress.

I respectfully dissent.