**Elva Marina AYALA**

v.

**Janet RENO, United States Attorney General, and Immigration and Naturalization Service.**

**No. EP–98–CA–049–DB.**

United States District Court,
W.D. Texas,
El Paso Division.

Feb. 24, 1998.

Felipe D.J. Millan, El Paso, TX, for Plaintiff.

Laura M. Friedman, Office of Immigration Litigation, Washington, D.C., José J. Tavarez, I.N.S., El Paso, TX, for Defendant.

### ORDER

BRIONES, District Judge.

On this day, the Court considered Plaintiff's Request for an Injunction, pursuant to her Complaint for Mandamus and Injunctive Relief and her Motion for Ex Parte Temporary Restraining Order, both filed on February 12, 1998, in the above-captioned cause. By order filed on February 13, 1998, the Court granted Plaintiff's Request for a Tem-

porary Restraining Order and scheduled a hearing on the matter. Defendants filed a Motion to Dismiss and Opposition to Plaintiff's Complaint for Mandamus and Injunctive Relief on February 20, 1998. The Court held the hearing on February 23, 1998. After due consideration, the Court is of the opinion that Plaintiff's request for an injunction should be denied, that Defendants' Motion to Dismiss should be granted, and that the Complaint should be dismissed.

By way of background, Plaintiff is an illegal alien who concedes that she unlawfully entered the United States, was issued a final order of deportation, departed the United States while under a final order of deportation, and unlawfully reentered the United States. The Attorney General reinstated Plaintiff's prior deportation order pursuant to section 241(a)(5) of the Immigration and Nationality Act ("INA"). Section 241(a)(5) provides that aliens who have illegally reentered the United States after having departed voluntarily, are "not eligible, and may not apply for any relief under this chapter," and "shall be removed under the prior order at any time after the reentry." 8 U.S.C. § 1231(a)(5). In the Complaint, Plaintiff contests the Attorney General's interpretation of section 241(a)(5) of the INA. As indicated earlier, the Court granted Plaintiff's request for a temporary restraining order pending its decision in this case and set a hearing date.

■ To begin, the Court finds that it lacks jurisdiction to consider Plaintiff's request because she falls within the scope of section 242(g) of the INA. This provision deprives courts of jurisdiction over claims which arise "from the decision or action by the Attorney General to . . . execute [a] removal order[ ]." 8 U.S.C. § 1252(g); see, e.g., Auguste v. Attorney General, 118 F.3d 723, 726 (11th Cir. 1997). As such, the Court is of the opinion that is should deny Plaintiff's request for mandamus and injunctive relief because she is seeking to preclude the Attorney General from executing the final order of removal against her. See Yang v. INS, 109 F.3d 1185, 1195–96 (7th Cir.1997).

■ What is more, under INA section 241(a)(5), the Court lacks jurisdiction to review the reinstated order of deportation. As set forth, section 241(a)(5) indicates that Congress intended to expel aliens from the United States without any opportunity to challenge the prior deportation order or to apply for relief if they ever illegally reentered after deportation. The record shows that Plaintiff previously had an opportunity to apply for relief after she illegally entered in 1986 and at her deportation hearing in 1989. The statute provides that she does not have another opportunity to apply for relief from deportation and that she is precluded from seeking review of her reinstated deportation order, because she illegally reentered the United States after self-executing the outstanding order of deportation against her. See 8 U.S.C. § 1231(a)(5). To be sure, Congress clearly has the authority to restrict relief to illegally reentering aliens by its plenary powers. See Kleindienst v. Mandel, 408 U.S. 753, 765–66, 92 S.Ct. 2576, 2583–84, 33 L.Ed.2d 683 (1972). Thus, the Court finds without merit—short of addressing them in greater detail—Plaintiff's arguments that section 241(a)(5) cannot be enforced because it violates equal protection, acts as a bill of attainder, and is an ex post facto law.

Having found that it lacks jurisdiction over the matter now before it, the Court need not delve further into the cause. Further, without jurisdiction, the Court is of the opinion that it should grant Defendants' Motion to Dismiss and that the case should be dismissed.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Request for Injunction is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is **GRANTED.**

**IT IS FINALLY ORDERED** that Plaintiff's Original Complaint for Mandamus Injunctive Relief is **DISMISSED** for lack of jurisdiction.