**Hiroshi TSUKAMOTO, Plaintiff,**

v.

**Donald A. RADCLIFFE, District Director, Immigration and Naturalization Service, Defendant.**

**No. Civ. 98–00462 SPK.**

United States District Court,
D. Hawaii.

Nov. 16, 1998.

---

Ronald Oldenberg, Gary Singh, Honolulu, HI, for plaintiff.

Carl H. McIntyre, Jr., Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, Mary Reiko Osaka, Special Assistant U.S. Attorney, Immigration & Naturalization Service, Honolulu, HI, for defendant.

## ORDER GRANTING MOTION FOR SUMMARY DISMISSAL OR JUDGMENT ON THE PLEADINGS

SAMUEL P. KING, Senior District Judge.

Defendant Donald A. Radcliffe, in his capacity as District Director of the Immigration and Naturalization Service, has moved for summary dismissal or for judgment on the pleadings. The matter was heard on November 16, 1998. Ronald Oldenberg, Esq., and Gary Singh, Esq., appeared for Plaintiff; Carl McIntyre, Jr., Esq. and Mary Reiko Osaka, Esq. appeared for Defendant. For the reasons set forth, Defendant's Motion is GRANTED.

### BACKGROUND

The facts are largely undisputed:

On December 2, 1990, Plaintiff Hiroshi Tsukamoto, a native and resident of Japan, was stopped by customs agents at Honolulu International Airport. He entered the United States under the Visa Waiver Pilot Program ("VWPP"), codified at 8 U.S.C. § 1187, which was intended to facilitate international travel for tourists. In Plaintiff's luggage was a pipe that contained marijuana residue. No prosecutorial action was taken; Petitioner was assessed a civil administrative penalty of $500. He apparently completed his visit to Hawaii in 1990 without incident and returned to Japan.

On July 27, 1997, Plaintiff was refused entry to the United States because of the December 2, 1990 incident. Plaintiff had evidently visited Hawaii many times since 1990 (without being refused entry), and apparently owns a condominium unit in the Ko Olina area of Oahu. Under oath, when questioned about the 1990 incident, Plaintiff admitted that the pipe was his but denied ever using or selling marijuana or other controlled substances. After being refused entry,

Plaintiff returned to Japan and retained legal counsel.

By letter dated January 28, 1998 (after obtaining records regarding the December 2, 1990 incident via the Freedom of Information Act), Plaintiff's counsel requested from Defendant a "determination of admissibility." He sought a determination that Plaintiff "is not inadmissible due to the December 2, 1990 incident." Defendant responded on March 30, 1998 with a letter concluding that "I find that [plaintiff] is presently inadmissible under the Visa Waiver Pilot Program." Defendant determined that Plaintiff had "acknowledged committing an act which forms the essential element[s] of a crime relating to a controlled substance violation." Defendant further wrote:

> I recommend that Mr. Tsukamoto apply for a visa at a U.S. Embassy abroad. If determined by a Consular Officer to be ineligible for a visa, he will then be advised of the appropriate procedure for seeking a waiver of the exclusion ground cited above [Section 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act].

Plaintiff then filed this suit, seeking a declaratory judgment under 28 U.S.C. § 2201 that the March 30, 1998 determination by Defendant was erroneous, and that Plaintiff is admissible to the United States.

## DISCUSSION

Defendant first asserts that this Court lacks jurisdiction because Plaintiff's claim is not ripe. He argues that, because Plaintiff has sought review of the Defendant's "prospective opinion" regarding future admissibility, there is no "live controversy." He contends that Plaintiff is essentially seeking an advisory opinion.

Plaintiff responds by reasoning that it would serve no use for him to come to the United States simply to render the action ripe for review. He desires admission to the United States; he returned to Japan only because of the July 27, 1997 refusal; and he seeks review of a determination that he is inadmissible. There is at least some case law supporting Plaintiff's position. *Cf. Jaimez–Revolla v. Bell,* 598 F.2d 243, 246 (D.C.Cir.1979) (reasoning that "[t]o deny standing to one who had already been in this country would encourage illegal aliens to remain here illegally rather than return home and seek legal entry through an application for readmission"). This Court, however, need not reach this issue because, even assuming arguendo that the claim is ripe, Congress has determined that there is no judicial review over determinations of inadmissibility under the VWPP.

■ Assuming (without deciding) that the Director's March 30, 1998 determination was a final and binding adjudication of Plaintiff's admissibility, Congress has repealed jurisdiction of the district court to review such an adjudication. *See* Section 306(a), Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), codified at 8 U.S.C. § 1252(g) The section provides:

**(g) Exclusive jurisdiction**

Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g) (West Supp.1998).

"Except as provided in section 1252, federal courts are divested of all jurisdiction to hear any claim made by any alien involving an immigration proceeding." *Hose v. INS,* 141 F.3d 932, 935 (9th Cir.1998). Section 1252 allows review only over final "orders of removal" and, even then, only in courts of appeal (not district courts). Accordingly, there is no jurisdiction for this Court to review the Director's determination. *See id.; cf. Auguste v. Reno,* 152 F.3d 1325, 1329 (11th Cir.1998) (dismissing for lack of jurisdiction a habeas petition seeking review of deportation order of alien admitted under VWPP).

■ Moreover, the VWPP itself precludes review. Under Section 217(b) of the VWPP, an alien waives any right of judicial review of a determination of admissibility as a condi-

tion of entry without first obtaining a visa. Section 217(b) provides:

> An alien may not be provided a waiver [of a visa requirement] under [the VWPP] unless the alien has waived any right—
>
> (1) to review or appeal under this chapter of an immigration officer's determination as to the admissibility of the alien at the port of entry into the United States, or
>
> (2) to contest, other than on the basis of an application for asylum, any action for removal of the alien.

8 U.S.C. § 1187(b) (West Supp.1998)

Although Plaintiff now attempts to assert that his waiver was not knowing and intelligent, the record is against him. The record indicates that Plaintiff signed a Japanese language INS Form I–94W, which waives rights of appeal. The record also indicates that Plaintiff was specifically asked in Japanese whether he understood that he waived rights to review of, or appeal from, a determination as to admissibility at a port of entry. Plaintiff answered affirmatively. Thus, even if this Court could review whether Plaintiff actually and subjectively understood that he was waiving any appeal rights, the Court would reject the argument. *Cf. Auguste,* 152 F.3d at 1327 (finding no subject matter jurisdiction over claim that alien did not knowingly and intelligently waive appeal rights).

Here, the Director determined that Plaintiff was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) for admitting "having committed … acts which constitute the essential elements of—… a violation of … any law … relating to a controlled substance," and that decision appears not to be arbitrary or capricious. Although the immigration laws can be harsh, it is clear that Plaintiff—as a Japanese citizen not residing in the United States—has only limited rights in this country. *See, e.g., Landon v. Plasencia,* 459 U.S. 21, 32, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982) (reasoning that "an alien seeking admission to the United States requests a privilege and has no Constitutional rights regarding his application").

### CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Dismissal or for Judgment on the Pleadings is GRANTED. Judgment shall enter in favor of Defendant.

IT IS SO ORDERED.