IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 99-60187
Summary Calendar

IAN FREDERICK EVANS,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
(A91-095-974)

May 19, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ian Evans, a British citizen, seeks review of an INS order of removal and a bond pending such review. The INS moves for dismissal based on lack of jurisdiction. Because we find that the waiver he signed under the Visa Waiver Pilot Program ("VWPP") validly waived his right to contest actions in deportation, we dismiss the petition. We also deny Evans's motion for bond.

Evans originally entered the U.S. illegally in 1979. In 1988, he applied for legalization status, and the INS denied his request in March 1993. Later that year, he temporarily returned to Great Britain. When he re-entered the U.S., he came into the country on

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a 90-day visa and signed a waiver of his rights to contest any removal action.  In 1999, the INS secured a removal order against him.

By the terms of his waiver Evans relinquished any right to contest deportation proceedings except for asylum applications. Evans now contends, however, that this waiver is ineffective because it was not knowing and intelligent.  Several courts have held that a VWPP waiver is valid where the signer was able to understand the provisions at issue, a conclusion assumed if the form was in the alien's native language.  See United States v. Shomade, 125 F.3d 850 (4th Cir. 1997) (unpublished); Nose v. Attorney General, 993 F.2d 75, 76-80 (5th Cir. 1993); Tsukamoto v. Radcliffe, 29 F. Supp.2d 660, 661-62 (D. Hawaii 1998).  Evans, an Englishman, is a native English speaker and the head of a corporation.  Under these circumstances, his waiver was knowing and intelligent.

This waiver would extend to legalization claim because such claims are encompassed within the meaning of actions in deportation.  See Nose, 993 F.2d at 80.  Evans argues that he did not intend to waive his right to challenge the 1993 legalization decision.  If Evans intended to press his legalization claim in the future, however, he should not have entered the U.S. on a temporary visa that did not allow him to work or remain in the U.S. for more than 90 days.  The only challenge excluded from the waiver would be an application for asylum.  As Evans does not make such an application, the waiver bars our hearing of any of his claims.

2

Because we dismiss the petition, Evans's detention falls under the mandatory detention period of 8 U.S.C. § 1231(a). We thus cannot review his motion for bail.

PETITION DISMISSED; MOTION BY EVANS DENIED.