United States Court of Appeals,

Eleventh Circuit.

No. 97-4366.

UNITED STATES of America, Plaintiff-Appellee,

v.

Moumouni DIEGUIMDE, Defendant-Appellant.

Aug. 19, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 96-759-CR-KMM), K. Michael Moore, Judge.

Before ANDERSON and BIRCH, Circuit Judges, and WOODS[*], Senior District Judge.

ANDERSON, Circuit Judge:

Appellant Moumouni Dieguimde pleaded guilty to paying an illegal gratuity in violation of 18 U.S.C. § 201(c)(1)(A). At sentencing, the district judge ordered Dieguimde deported as a condition of supervised release. In so doing, the district judge relied on our en banc decision in *United States v. Oboh,* 92 F.3d 1082 (11th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 1257, 137 L.Ed.2d 337 (1997), where we held that 18 U.S.C. § 3583(d) authorizes a district judge to order, as a condition of supervised release, the deportation of a defendant who is "subject to deportation." On appeal, Dieguimde argues that he is not "subject to deportation" because the crime of which he was convicted was not a crime of moral turpitude committed within five years after the date of entry. *See* 8 U.S.C. § 1251(a)(2)(A)(i) (defining aliens convicted of such crimes as "deportable").[1] Dieguimde further argues that the sentencing judge should not have exercised his discretion to deport because Dieguimde fears political persecution should he return to his native country and has a petition for asylum pending with the INS.

The appellee United States agrees with appellant that the district judge erred in ordering deportation. The government argues that our decision in *Oboh* is no longer good law in light of

---

[*]Honorable Henry Woods, Senior U.S. District Judge for the Eastern District of Arkansas, sitting by designation.

[1]This provision has been amended and is now codified at 8 U.S.C. § 1227(a)(2)(A)(i).

recent amendments enacted by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRAIRA).[2]  *See* 8 U.S.C. § 1229a(a)(3).  According to the United States, although § 1229a(a)(3) did not take effect until after appellant's sentencing, the provision is purely jurisdictional and should therefore be applied to pending cases.  Even assuming *Oboh* remains good law, the United States argues that Dieguimde cannot be "subject to deportation" under *Oboh* because his immigration status renders him a candidate for *exclusion* rather than deportation.[3]  Finally, the United States, like Dieguimde, argues that the district judge should not have exercised his discretion under *Oboh* in light of Dieguimde's pending asylum petition and the claims of persecution underlying that petition.

We note first that this is a direct appeal from a criminal conviction pursuant to appellant's guilty plea.  In this appeal, appellant does not challenge his conviction, and thus the judgment of conviction is affirmed.  Appellant challenges only that portion of his sentence which ordered that he be deported as a condition of supervised release.  Having reviewed the briefs and record, we conclude that the sentence must be vacated and the case remanded for further proceedings concerning judicial deportation of the appellant.  Although appellant fairly presented to the district court his assertion that the court should not exercise its discretion under *Oboh* to deport him because of his fear of political persecution and his pending petition for asylum, the district court gave no reason for exercising its discretion to deport appellant, i.e., the district court made no response to appellant's asylum argument.  Under these circumstances, we are unable to perform the appropriate

---

[2]Although appellant did not argue this point in either his initial brief on appeal or his reply brief, appellant appeared at oral argument to adopt the government's position.

[3]According to the United States, the immigration laws prior to the enactment of the IIRAIRA established a dichotomy between "excludable" aliens and "deportable" aliens, while after the IIRAIRA amendments, the dichotomy is between "inadmissibility" and "deportability."

We note also that the United States agrees with appellant's contention that appellant has not committed a crime of moral turpitude within five years of the date of entry.  However, the United States asserts that if Dieguimde's status is to be determined according to the classes of deportable aliens (as opposed to excludable aliens), then Dieguimde would be deportable because he engaged in "an[ ] activity ... to violate or evade a[ ] law prohibiting the export from the United States of goods, technology, or sensitive information."  *See* 8 U.S.C. § 1251(a)(4)(A)(i), *now codified at* 8 U.S.C. § 1227(a)(4)(A)(i).

review, and we therefore remand.

In light of our decision to remand, and in light of the unusual posture of this case in which both parties challenge the district court's decision to deport, we decline to address the parties' several legal challenges to the district court's decision. Especially in the absence of any party arguing in support of the district court's decision, we prefer to have the benefit of the district court's reasoned response to such arguments in the first instance. In particular, we decline to address the issue raised by the government on appeal challenging the continued viability of the *Oboh* decision. In addition to the inadequate briefing available to us, there will be no need to reach the issue unless the district court on remand rejects the several arguments of both parties which assume the continued viability of *Oboh* including, *inter alia,* the argument that the court should not exercise its discretion to deport appellant in light of his fear of political persecution and his pending petition for asylum.[4]

For the foregoing reasons, the judgment of conviction is affirmed, but the sentence is vacated, and the case is remanded for further consideration.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.

---

[4]We note that if the district court decides on remand to reach the question regarding the continued viability of *Oboh,* it might consider inviting an amicus to argue in favor of the continued viability of *Oboh.* This unusual step may be justified in light of the unique alignment of the parties.