[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 96-5533

D. C. Docket No. 94-413-CR-FAM

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
09/04/98
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ALBOROLA-RODRIGUEZ, a.k.a. Jorge A.
Alborola-Rodriguez; MAURICO BAUTISTA a.k.a.
Humberto Gutierrez,

Defendants-Appellants.

Appeals from the United States District Court
for the Southern District of Florida

(September 4, 1998)

Before TJOFLAT and DUBINA, Circuit Judges, and SMITH*, Senior
Circuit Judge.

DUBINA, Circuit Judge:

_____
*Honorable Edward S. Smith, Senior U.S. Circuit Judge for the
Federal Circuit, sitting by designation.

**I.**

Appellants Maurico Bautista ("Bautista") and Jorge Alborola-

Rodriguez ("Alborola") appeal their convictions for violating 18

U.S.C. § 924(a)(1), and Alborola appeals his sentence imposed by

the United States District Court for the Southern District of Florida. As stated in their briefs, the defendants present the following issues for appellate review:

(A) <u>Bautista</u>

(1) Whether the district court improperly failed to dismiss the indictment on grounds of outrageous governmental conduct.

(2) Whether the district court improperly instructed the jury that it could return inconsistent verdicts and convict Bautista of unlawfully using a firearm during the commission of a drug trafficking crime even if it did not convict him of committing the drug trafficking crime.

(B) <u>Alborola</u>

(1) Whether the jury verdict may stand where Alborola was found not guilty of a substantive drug trafficking offense and where the district court instructed the jury that it could find Alborola guilty of a § 924(c)(1) offense even if it found him not guilty of a drug trafficking offense.

(2) Whether the evidence at trial was sufficient to support Alborola's conviction.

(3) Whether the ten-year statutory sentence imposed in Alborola's case was erroneous.

In addition, we consider *sua sponte* whether we must vacate the portion of Alborola's sentence that ordered deportation as a condition of supervised release.

After carefully reviewing the record in this case, as well as reading the parties' briefs and having the benefit of oral

2

argument, we summarily affirm Bautista and Alborola's convictions.[1] We also affirm Alborola's sentence, except for the district court's imposition of deportation as a condition of supervised release under 18 U.S.C. § 3583(d).

## II.

Alborola requests that this court vacate his ten year enhanced statutory sentence for using or carrying a short-barreled shotgun during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). The applicable statutory penalty under § 924(c)(1) depends in part upon the type of weapon the defendant used or carried. The baseline penalty for an ordinary "firearm" is five years imprisonment, but "if the firearm is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon," the punishment is "imprisonment for ten years." 18 U.S.C. § 924(c)(1). If the firearm is a "machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler," the penalty is 30 years in prison. *Id.*

Alborola contends that three firearms were at issue in his trial: a pistol, a short-barreled shotgun, and an M-1 rifle. He further contends that because the jury rendered only a general guilty verdict without specifying which weapon or weapons they unanimously found him to have used or carried, he should have received only a five-year sentence. Alborola cites persuasive

---

[1] *See* 11th Cir. R. 36-1.

3

authority for the proposition that, where the jury verdict does not establish beyond a reasonable doubt that the defendant used or carried a firearm that subjects him to a term greater than five years under 18 U.S.C. § 924(c)(1), the enhanced sentence may not be affirmed. *See United States v. Melvin*, 27 F.3d 710 (1st Cir. 1994). Alborola's argument necessarily implies his belief that firearm type is an element of 18 U.S.C. § 924(c)(1).

The government responds that the type of firearm is not an element of 18 U.S.C. § 924(c)(1), and therefore, it was not a question for the jury, but rather a question for the sentencing court. In any event, the government argues that trial evidence established that Alborola handled a short-barreled shotgun.

**III.**

Because Alborola's argument presents a question of statutory interpretation of 18 U.S.C. § 924(c)(1), this court applies *de novo* review. *See United States v. McArthur*, 108 F.3d 1350, 1353 (11th Cir. 1997). However, Alborola did not argue at trial that firearm type is an element of the offense requiring specific jury findings, nor did he argue at sentencing that the lack of specific jury findings rendered a ten year enhanced sentence inapplicable.[2] Therefore, we review Alborola's contention for plain error. *See* Fed.R.Crim.P. 52(b); *McArthur*, 108 F.3d at 1353 n.3. Because the first step in plain error analysis is determining whether error occurred, *see Johnson v. United States*,

---

[2] In fact, at Alborola's urging, the district court excluded evidence on firearm type as being irrelevant at trial and pertinent only to sentencing. (R10:101-103).

520 U.S. 461, \_\_\_, 117 S.Ct. 1544, 1549 (1997), we must interpret § 924(c)(1) and determine whether specific jury findings are required before a defendant may be sentenced to an enhanced term for carrying or using certain firearms. This is a question of first impression in this circuit.

**IV.**

As stated previously, Alborola relies upon the First Circuit decision of *United States v. Melvin*, 27 F.3d 710 (1st Cir. 1994). In fact, *Melvin* does not adequately support Alborola's position. In *Melvin*, unlike the present case, the government conceded that § 924(c)(1)'s enhanced penalty provisions required specific jury findings on firearm type. *Id.* at 714. Because the issue was undisputed, the First Circuit expressly declined to reach the issue of whether firearm type is an element of § 924(c)(1). *Id.* at 715 n.9. The actual holding of *Melvin* is merely that reversal of an unenhanced five-year § 924(c) sentence is not required where the jury's verdict did not unambiguously establish the involvement of a machine gun, one of many firearms charged in the count of conviction. *Id.; see also See United States v. Branch*, 91 F.3d 699, 740 (5th Cir. 1996) (discussing the limited holding of *Melvin*), *cert. denied*, 117 S.Ct. 1466 (1997).

Although the First Circuit in *Melvin* assumed that firearm type is an element of § 924(c)(1), other circuits are divided on this issue. According to the Fifth Circuit, firearm type is only a factor to be determined at sentencing by a preponderance of the evidence. *See Branch*, 91 F.3d at 737-41. In *Branch*, the

5

defendants were indicted and convicted only of using or carrying "firearms," but four defendants received enhanced 30-year sentences for using machine guns. *Id.* at 710-11, 738. They argued that because the indictment and jury verdict only indicated that they were guilty of carrying "firearms," they should have received five- year sentences. *Id.* at 738. Relying on the structure of § 924(c)(1) and its legislative history, the Fifth Circuit held that "[t]he Government need not charge in the indictment nor must the jury find as part of its verdict the particular type of firearm used or carried by the defendant." *Id.* at 740.

In a case decided shortly after *Branch*, the Ninth Circuit held that "where the government seeks more than the minimum five year consecutive sentence" under § 924(c)(1), the type of firearm "must be found by the jury; that is to say, it is an element of the crime." *United States v. Alerta*, 96 F.3d 1230, 1235 (9th Cir. 1996). The Sixth Circuit reached a similar conclusion in *United States v. Sims*, 975 F.2d 1225, 1235-36 (6th Cir. 1992).

After reviewing each of the precedents from our sister circuits relative to this issue, we conclude that the Fifth Circuit's *Branch* decision as reaffirmed in *United States v. Gonzales*, 121 F.3d 928, 941 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 726, (1998) has the better side of the argument.

In conclusion, we hold that the type of firearm involved in a § 924(c) offense is not an element of the offense and is thus not a question for the jury; instead, it is a sentencing question

6

to be resolved by the sentencing court by a preponderance of the evidence.

## V.

We also note from the record that the district court ordered Alborola judicially deported as a condition of supervised release under 18 U.S.C. § 3583(d). Alborola did not object to this order at sentencing, and neither he nor the government mentions the issue in their briefs. Nonetheless, this court must *sua sponte* address the district court's subject matter jurisdiction if it appears lacking. *See Rickard v. Auto Publisher, Inc.*, 735 F.2d 450, 453 n.1 (11th Cir. 1984).

In *United States v. Romeo* 122 F.3d 941, 943-44 (11th Cir. 1997), we held that 8 U.S.C. § 1229a(a), enacted by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRAIRA"), deprives district courts of jurisdiction to order deportation as a condition of supervised release under 18 U.S.C. § 3583(d). As a jurisdiction ousting statute, 8 U.S.C. § 1229a(a) applies to all appeals pending on April 1, 1997, the effective date of the IIRAIRA. *See Romeo*, 122 F.3d at 944. Because the district court lacked authority to order Alborola deported under 18 U.S.C. § 3583(d), we must vacate the portion of the district court's judgment ordering deportation and remand for further proceedings consistent with *Romeo*. On remand, the district court may either delete the deportation condition or modify it by deleting the judicial order of deportation, but providing that Alborola, at the appropriate time, shall be turned

7

over to the Immigration and Naturalization Service for deportation proceedings pursuant to the IIRAIRA.  Because either course of action on remand will operate in Alborola's favor, there is no need for a new sentencing hearing on this issue.  In the alternative, the district court may, in its discretion, hold a new sentencing hearing, if the court desires to make other changes in the sentence.

AFFIRMED in part, VACATED in part, and REMANDED.