[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 96-4323
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
09/18/98
THOMAS  K. KAHN
CLERK

D.C. Docket No.95-14017-CR-DAVIS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL MEJIA

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(September 18, 1998)**

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

The defendant is a Honduran national who was convicted in the Southern District of Florida for illegally re-entering the United States after an earlier deportation, in violation of 8 U.S.C. § 1326 (1994). The district court sentenced the defendant to 71 months imprisonment and three years supervised release. As a condition of the supervised release, the district court ordered that the defendant be deported, pursuant to 18 U.S.C.A. § 3583(d) (West Supp. 1998), at the end of his confinement.

The question presented by the instant appeal is whether the district court had the authority to enter such a deportation order. In a previous unpublished decision, we concluded, in reliance upon United States v. Oboh, 92 F.3d 1082 (11th Cir. 1996) (en banc), that the district courts did have such authority. See United States v. Mejia, No. 96-4323 (11th Cir. July 23, 1997). On certiorari from our holding, the Supreme Court disagreed, vacated our earlier holding, and remanded the case for reconsideration. See Mejia v. United States, No. 97-6492 (S. Ct. Apr. 6, 1998).

Moreover, while the case was pending in the Supreme Court, a published opinion of this court, United States v. Romeo, 122 F.3d 941 (11th Cir. 1997), held that, under the 1996 amendments to the federal immigration statutes contained in the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), the district courts do not have the power independently to order deportation as a condition of supervised release. See id. at 943-44.[1] We concluded in

---

[1] Unpublished opinions of this court are non-binding precedent and may be overruled by a published panel opinion. See Eleventh Circuit Rule 36-2 (stating in part that "[u]npublished opinions are not considered binding precedent").

Romeo that the district courts' authority to order deportations pursuant to 18 U.S.C. § 3583 was wholly abrogated by the passage, as part of the IIRIRA, of 8 U.S.C. § 1229a. Romeo, 122 F.3d at 943-44. That section provides in part that

> [a]n immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien[, and that] [u]nless otherwise specified in this chapter, a [removal proceeding before an immigration judge] shall be the sole and exclusive procedure for determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States.

8 U.S.C.A. § 1229a(a) (West Supp. 1998).[2]

We also held in Romeo that section 1229a(a) "is applicable to all . . . cases [pending on the effective date of the IIRIRA] because '[i]ntervening statutes conferring or ousting jurisdiction' are ordinarily given immediate effect, 'whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed . . . .'" Romeo, 122 F.3d at 944, (quoting Landgraf v. USI Film Products, 511 U.S. 244, 274, 114 S. Ct. 1483, 1501, 128 L. Ed. 2d 229 (1994)).

Because the defendant's case was pending on the effective date of section 1229a of the IIRIRA (April 1, 1997--see Effective Date, Historical and Statutory Notes to 8 U.S.C.A § 1229a, at 459 (West Supp. 1998), we hold that section 1229a(a) applies in the instant case. We therefore conclude that the district court did not have the authority to order the defendant's deportation as a condition of his supervised release. Accordingly, we VACATE that portion of

---

[2] In U.S. v. Dieguimde, 119 F.3d 933, 934-35 (11th Cir. 1997), we questioned but did not decide whether Oboh remains good law in this circuit. We leave determination of that question to the ongoing proceedings in Dieguimde.

the defendant's sentence ordering judicial deportation as a condition of his supervised release, and REMAND the case to the district court for further proceedings consistent with this opinion.

SO ORDERED.