[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16 2000
THOMAS K. KAHN
CLERK

_____

No. 99-2426
Non-Argument Calendar

_____

D. C. Docket No. 98-00288-CR-T-26E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN LAWRENCE RILEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 16, 2000)**

Before TJOFLAT, COX and BARKETT, Circuit Judges.

PER CURIAM:

Steven Lawrence Riley appeals his convictions and sentences for conspiracy to commit armed bank robbery, in violation of 18 U.S.C.§ 371, armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and using and carrying a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c).

First, Riley argues that his conviction should be reversed because the district court allowed a coconspirator to testify in exchange for a lighter sentence in violation of the federal bribery statute.  This argument, however, is foreclosed by our decision in *United States v. Lowery*, 166 F.3d 1119 (11th Cir. 1999).

Riley's second argument is that he is entitled to a new trial because the Government presented perjured testimony.  Following Riley's conviction, but before his sentencing, the Government submitted a letter to the district court explaining that a coconspirator who testified against Riley may not have told the truth about another coconspirator's participation in one of the robberies.  Based on this new evidence, Riley filed a motion for a new trial.  We review the district court's denial of this motion for abuse of discretion.  *See United States v. Garcia*, 13 F.3d 1464, 1472 (11th Cir. 1994).

Riley argues that the fact that the coconspirator committed perjury undermines the jury's verdict such that a new trial would probably produce a different result.  The Government responds that the discovery of the witness's perjury is merely impeaching

2

evidence on a collateral issue and insufficient to warrant a new trial. We conclude that Riley has not shown that the district court abused its discretion in denying a new trial under these circumstances.

Next, Riley argues that the district court erred by refusing to produce an imprisoned coconspirator to testify for the defense and by refusing to admit evidence regarding the mandatory minimum sentences for firearm possession, the putative-witness coconspirator's criminal record, and the plea agreements of Riley's coconspirators. We review these rulings for abuse of discretion, *see United States v. Wright*, 63 F.3d 1067 (11th Cir. 1995) and *United States v. Walker*, 59 F.3d 1196, 1197 (11th Cir. 1995), and conclude that Riley has failed to establish any such abuse.

Finally, Riley argues that the district court erred by imposing an enhanced penalty under 18 U.S.C. § 924(c)(1) based on its finding, at sentencing, that Riley carried a semiautomatic assault weapon. We review the district court's interpretation of the statute de novo. *See United States v. McArthur*, 108 F.3d 1350, 1353 (11th Cir. 1997). Riley argues that the type of firearm being carried is an element of the offense which must be established beyond a reasonable doubt at trial, and is not merely a sentencing consideration. Riley contends that *Jones v. United States*, 526 U.S. 227, 119 S. Ct. 1215 (1999) calls into question our holding in *United States v. Alborola-*

*Rodriguez*, 153 F.3d 1269 (11th Cir. 1998) (concluding that under § 924(c)(1) the type of firearm is a valid sentencing factor, not an element of the offense). The Government responds that *Jones* does not affect *Alborola-Rodriguez* because § 924(c)(1) reflects Congress's clear intent to treat the type of firearm being carried as a sentencing factor.

Our understanding of *Jones* concurs with the Government's. We have interpreted *Jones* to instruct that when a court finds a statute and its legislative history unclear, the court should resolve the doubt in favor of the defendant and consider any factor that increases the maximum penalty for the offense to be an element of the offense. *See United States v. Hester*, 199 F.3d 1287, 1291-92 (11th Cir. 2000). Pre-*Jones*, we concluded, based on the Fifth Circuit's analysis of the structure and legislative history of § 924(c)(1), that the type of firearm being carried was a sentencing factor, not an element of the offense. *See Alborola-Rodriguez*, 153 F.3d at 1272, citing *United States v. Branch*, 91 F.3d 699, 740 (5th Cir. 1996). Moreover, § 924(c)(1) has been amended since *Alborola-Rodriguez*, and the amended version of the statute has made it even clearer that the type of firearm being carried is a sentencing factor and not an element of the offense. *Jones* does not alter our interpretation of § 924(c)(1). *Accord United State v. Eads*, 191 F.3d 1206 (10th Cir. 1999), *petition for cert. filed*, —U.S. ----, — S. Ct. ---- (Nov. 1, 1999) (No. 99-6907);

4

*United States v. Baldwin*, 186 F.3d 99 (2d Cir. 1999), *cert. denied, Baldwin v. United States,* — U.S. ----, 120 S. Ct. 558 (1999); *United States v. Castillo*, 179 F.3d 321 (5th Cir. 1999), *cert. granted*, *Castillo v. United States*, — U.S. ----, 120 S. Ct. 865 (2000).

AFFIRMED.