[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13792
Non-Argument Calendar
_____

D.C. Docket No. 1:09-tp-20201-MGC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL A. BEYRA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 8, 2013)

Before DUBINA, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Manuel Beyra, proceeding *pro se*, appeals the district court's order revoking his supervised release and sentencing him to 33 months' imprisonment for violating a condition of his supervised release. On appeal, Beyra argues that the district court lacked jurisdiction to revoke his supervised release and sentence him to a term of imprisonment because he had an outstanding order of removal. Beyra also argues that his attorney rendered ineffective assistance of counsel by failing to argue adequately that Beyra, a citizen of the Cayman Islands, should be removed from the United States instead of being imprisoned. Finally, he contends that his 33-month sentence is procedurally and substantively unreasonable.

## I.

Beyra argues that the district court lacked jurisdiction to revoke his supervised release because he had an outstanding order of removal, and that the district court should have instead stayed his proceedings and referred his case to Immigration and Customs Enforcement.

We review *de novo* our own subject matter jurisdiction. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). However, where a defendant fails to object to an error before the district court, we review the alleged error for plain error. *See United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006). To establish plain error, a defendant must show that there was an "(1) error, (2) that is

2

plain and (3) that affects substantial rights.  If all three conditions are met, [this] court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007) (internal quotation marks omitted).  "An error that affects substantial rights is one that affected the outcome of the district court proceedings." *United States v. Henderson*, 409 F.3d 1293, 1308 (11th Cir. 2005) (internal quotation marks omitted).  "An error is plain if it is obvious and clear under current law." *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2006).

Because Beyra did not preserve his jurisdictional argument, we review this claim for plain error.  Beyra has failed to show that the district court committed plain error by revoking his supervised release.  Factually, this argument is based on information outside of the record.  Moreover, Beyra does not cite to any binding authority holding that the district court lacked jurisdiction to revoke his supervised release, or that the district court should have stayed his revocation proceedings and referred his case to Immigration and Customs Enforcement.  As such, Beyra cannot establish that the district court plainly erred by revoking his supervised release pursuant to 18 U.S.C. § 3583(e)(3).  To the extent that Beyra is challenging the initial imposition of his supervised release term, we conclude that his argument is unavailing because he cannot challenge the validity of his original sentence—

which included five years of supervised release—during his supervised release revocation proceedings.  *See United States v. Almand*, 992 F.2d 316, 317 (11th Cir. 1993).

## II.

Beyra argues that his attorney rendered ineffective assistance of counsel by failing to explain adequately to the district court that he should be removed from the United States instead of imprisoned.

"[I]t is settled law in this circuit that a claim of ineffective assistance of counsel cannot be considered on direct appeal if the claims were not first raised before the district court and if there has been no opportunity to develop a record of evidence relevant to the merits of the claim." *United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012) (internal quotation marks omitted).  "The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (internal quotation marks omitted).  However, if the record is sufficiently developed, we may consider such a claim on direct appeal.  *Id.*

The record is not sufficiently developed for us to consider Beyra's ineffective assistance of counsel claim.  *See Franklin*, 694 F.3d at 8.   Because Beyra did not raise this challenge before the district court, the record does not

4

contain any facts upon which we can determine whether defense counsel was ineffective. *See id.*

### III.

Beyra argues that his sentence is procedurally and substantively unreasonable. He contends that the district court procedurally erred by failing to consider the 28 U.S.C. § 3553(a) factors and by not explaining its reasons for imposing the 33-month sentence. He also argues that his sentence is substantively unreasonable because it is harsher than necessary.

We generally review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). When reviewing for reasonableness, we generally apply the abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007). We review *de novo* whether a district court complied with 18 U.S.C. § 3553(c)(1) by explaining its reasons for imposing a given sentence, even if the defendant did not object before the district court. *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006). However, as noted above, all other sentencing errors not objected to in the district court are reviewed for plain error. *Castro*, 455 F.3d at 1251.

When revoking a defendant's term of supervised release, 18 U.S.C. § 3583(e) instructs courts to consider certain 18 U.S.C. § 3553(a) sentencing

factors in determining an appropriate sentence. *See* 18 U.S.C. § 3583(e).

Specifically, sentencing courts must consider: (1) "the nature and circumstances of

the offense and the history and characteristics of the defendant"; (2) the need for

deterrence; (3) the need to protect the public; (4) the need to provide the defendant

with educational or vocational training, medical care, or other correctional

treatment; (5) the kinds of sentences available and the applicable sentencing range;

(6) any pertinent policy statements; (7) the need to avoid unwarranted sentencing

disparities; and (8) the need to provide restitution to any victims. *See* 18 U.S.C.

§ 3583(e); 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). "For sentences

imposed upon revocation of supervised release, the recommended sentencing range

is based on the classification of the conduct that resulted in the revocation and the

criminal history category applicable at the time" of the defendant's original

sentencing. *United States v. Campbell*, 473 F.3d 1345, 1348-49 (11th Cir. 2007)

(citing U.S.S.G. §§ 7B1.1, 7B1.4).

In evaluating the reasonableness of a sentence, we follow a two-step process

by first determining whether the sentence is procedurally reasonable, and then

determining if the sentence is substantively reasonable. *Gall*, 552 U.S. at 51, 128

S. Ct. at 597. A sentence may be procedurally unreasonable if the sentencing court

fails to consider the factors set forth in 18 U.S.C. § 3553(a), or fails to adequately

explain the chosen sentence. 552 U.S. at 51, 128 S. Ct. at 597. One of the

§ 3553(a) factors that the court must consider at a revocation hearing is the sentencing range established by the guidelines or policy statements issued by the Sentencing Commission. *See Campbell*, 473 F.3d at 1348-49 (declining to address the reasonableness of a sentence because the district court never explicitly mentioned during the revocation hearing the guideline range or the criminal classification of the violation for which it revoked supervised release). However, given the advisory nature of the Guidelines, it is sufficient if there is "some indication that the district court was aware of and considered the Guidelines." *Id.* at 1349 (internal quotation marks omitted). As such, the district court need not discuss or explicitly state on the record each § 3553(a) factor. *United States v. Scott*, 426 F.3d 1324, 1330 (11th Cir. 2005).

Section 18 U.S.C. § 3553(c) provides that a district court is required to give reasons for its sentence and to state, in open court, its reasons for imposing a particular sentence if the sentence "is of the kind, and within the range [recommended by the Guidelines] and that range exceeds 24 months." 18 U.S.C. § 3553(c)(1). However, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence." *Rita v. United States*, 551 U.S. 338, 356-57, 127 S. Ct. 2456, 2468, (2007). The

7

appropriateness of how much to write and what to say depends on the circumstances of the case, and "[t]he law leaves much, in this respect, to the judge's own professional judgment." 551 U.S. at 356, 127 S. Ct. at 2468.

When review for substantive reasonableness is appropriate, we examine the totality of the circumstances and ask "whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). In order to vacate a sentence, we must have "the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted). Ordinarily, we expect, but do not presume, a sentence within the guidelines range to be reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Id.*

While the government argues that Beyra's procedural reasonableness arguments should be reviewed for plain error, we will only apply plain error review to Beyra's argument that the district court failed to consider the 18 U.S.C. § 3553(a) factors. As to Beyra's argument that the district court failed to explain

its reasons for imposing the 33-month sentence, we will review this *de novo*. *See Bonilla*, 463 F.3d at 1181. We review Beyra's substantive reasonableness argument for abuse of discretion. *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

With respect to procedural reasonableness and Beyra's argument that the district court did not consider the § 3553(a) factors, the district court referenced the applicable advisory guideline range—by stating that Beyra's criminal history category of II yielded an advisory guideline range of 27 to 33 months' imprisonment. *See Campbell*, 473 F.3d at 1348 (explaining that a district court must reference the advisory guideline range during a revocation hearing). The district court also stated that the "guideline range adequately reflects the factors in 3553," and that it had considered both parties' statements, including the government's statement that focused on Beyra's past criminal history and recidivism, and the violation report. Because this was sufficient, Beyra cannot show that the district court committed plain error. *See Scott*, 426 F.3d at 1330.

Beyra has also failed to show that the district court erred by not explaining its reasons for imposing a 33-month within Guidelines sentence. This was a supervised release revocation hearing, in which Beyra admitted he violated a mandatory condition of his supervised release. As such, the circumstances did not "necessarily require [the district court to provide a] lengthy explanation" of its

9

reasons for imposing a within-guidelines sentence. *See Rita*, 551 U.S. at 356-57, 127 S. Ct. at 2468.

Turning to Beyra's argument that his sentence is substantively unreasonable, Beyra has not demonstrated that the district court abused its discretion by imposing a 33-month sentence. Although we do not presume that a within-guidelines sentence is reasonable, we expect Beyra's 33-month sentence to be reasonable given that it was within the advisory guideline range of 27-33 months' imprisonment. *See Talley*, 431 F.3d at 788. The district court also stated that it believed the guideline range adequately reflected the § 3553(a) factors. Moreover, the record reflects that the district court considered Beyra's history and characteristics because it stated that it had considered the parties' statements, including the government's description of Beyra's criminal background, and Beyra's description of his immigration history and prior arrests and convictions.

Beyra's argument that the district court erred by not giving him a sentence with credit for time-served is also without merit, as the Bureau of Prisons, and not the district court initially calculates any credit for time served. *See United States v. Wilson*, 503 U.S. 329, 332-33, 337, 112 S. Ct. 1351, 1353-54, 1356 (1992) (holding that the Bureau of Prisons and not the district court at the sentencing hearing, calculates and administers a defendant's credit for time-served). To the extent that Beyra argues that the district court should have ordered him removed

10

from the United States, the district court lacked the authority to do so.  *See United States v. Mejia*, 154 F.3d 1297, 1298 (11th Cir. 1998) (holding that the district court lacks authority to order removal from the United States as a special condition of supervised release).

For the above stated reasons, we affirm the district court's order revoking Beyra's supervised release and Beyra's sentence.

**AFFIRMED.**