[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26 2000
THOMAS K. KAHN
CLERK

----------------------
No. 99-11190
----------------------
D. C. Docket No. 98-00540-1-CR-1-TWT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR MALDONADO-RAMIREZ,

Defendant-Appellant.

------------------------
Appeal from the United States District Court
for the Northern District of Georgia
------------------------
**(June 26, 2000)**

Before BIRCH, FAY and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

Oscar Maldonado-Ramirez appeals his sentence under 8 U.S.C. § 1326 for

illegally entering the United States after being deported.[1] The district court

---

[1] The statute states (in relevant part):
   (a) In general

imposed a lengthy jail sentence because it concluded that, under the U.S. Sentencing Guidelines, Maldonado-Ramirez's previous convictions for aggravated assault and attempted burglary qualified as "aggravated felonies" and required a sixteen-level adjustment to the base offense level for violations of § 1326. See U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (1998).[2] "Aggravated felonies" include convictions for crimes of theft and violence with sentences of at least a year, see 8 U.S.C. § 1101(a)(43)(F)&(G), but Maldonado-Ramirez argues that missing language in the definition creates an ambiguity: the definition, he contends, could refer to either sentences *imposed* or sentences *served*. Because another provision in the same section of the statute clarifies that the phrase "term of imprisonment" includes the full sentence initially imposed, not just the time actually served in prison, see 8 U.S.C. § 1101(a)(48), we hold that the sentencing

---

Subject to subsection (b) of this section, any alien who–
    (1) has been denied admission, excluded, deported, or removed . . . and thereafter
    (2) enters, attempts to enter, or is at any time found in, the United States, unless
(A) prior to his reembarkation at a place outside the United States or his application for admission the foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission . . .
shall be fined under Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. § 1326 (1998).

[2] The Sentencing Guidelines respond to 8 U.S.C. § 1326(b)(2), which heightens the penalty for illegally reentering the United States for any alien "whose removal was subsequent to a conviction for commission of an aggravated felony."

provisions applied to Maldonado-Ramirez are unambiguous and we affirm the adjustment to his offense level based on his prior convictions.

As a condition of Maldonado-Ramirez's supervised release following incarceration, the court also ordered him not to contest his deportation. Maldonado-Ramirez argues that the district court lacked the authority to impose this restriction. We agree with this contention and remand with directions to remove that condition of the defendant's supervised release.

I.

Maldonado-Ramirez has entered the United States illegally at least five times. He agreed to a "voluntary return" to his native Mexico in 1984; he was deported in 1986, 1991, and 1993. The 1986 deportation followed Maldonado-Ramirez's conviction in a Kansas Superior Court for attempted burglary and aggravated assault. In those proceedings, the Kansas court imposed a one to five year sentence for the attempted burglary count and three to ten years for aggravated assault. Maldonado-Ramirez served seven months in prison, but the court suspended the rest of the sentence when Maldonado-Ramirez was deported.

On November 12, 1998, Maldonado-Ramirez presented himself at the INS's Atlanta office and acknowledged that he was once again in the United States

3

illegally. After a bench trial, the district court found beyond a reasonable doubt that Maldonado-Ramirez was an alien who previously had been deported, and that in violation of § 1326 he had reentered the United States without obtaining the Attorney General's permission.

When calculating sentences for violations of § 1326, the base offense level is eight. See U.S. Sentencing Guidelines Manual § 2L1.2(a). The court granted the defendant a two-level downward adjustment for acceptance of responsibility, see id. § 3E1.1(a), but added a sixteen-level increase because it concluded that Maldonado-Ramirez previously had been deported following conviction for an aggravated felony, see id. § 2L1.2(b)(1)(A). Given the defendant's criminal history, the resulting sentencing range was 51-63 months. The court imposed the maximum permissible prison term as well as three years of supervised release. The court attached numerous conditions to the supervised release, including that Maldonado-Ramirez be turned over to immigration authorities and that he not seek relief from removal proceedings.

II.

A.

Section 2L1.2(b)(1)(A) of the Sentencing Guidelines increases the range of permissible sentences for unlawfully entering the United States if a defendant previously had been deported after being convicted of an aggravated felony. Application Note One for this provision of the Sentencing Guidelines adopts the definition of "aggravated felony" provided at 8 U.S.C. § 1101(a)(43). That definition includes "a crime of violence . . . for which the term of imprisonment [sic] at least one year," and "a theft offense . . . or burglary offense for which the term of imprisonment [sic] at least one year." 8 U.S.C. §§ 1101(a)(43)(F)&(G).

Maldonado-Ramirez points out that these definitions include no verb and may be missing other words as well. According to Maldonado-Ramirez, the missing language creates an ambiguity. Congress could have intended to include any crime of violence or theft "for which the term of imprisonment" *imposed* is "at least one year," or it could have intended to include only crimes "for which the term of imprisonment" *served* is "at least one year." Because Maldonado-Ramirez received multi-year sentences for his aggravated assault and attempted burglary convictions but served only seven months before being deported, the difference is critical. Maldonado-Ramirez argues that the rule of lenity requires us to resolve the ambiguity in the criminal defendant's favor.

5

The rule of lenity, however, is not a doctrine of first resort whenever a criminal defendant identifies a potential ambiguity in a statute, and the rule "is not invoked by a grammatical possibility." Caron v. United States, 524 U.S. 308, 316, 118 S. Ct. 2007, 2012 (1998). Instead, the rule of lenity applies only when "the traditional canons of statutory construction" fail to resolve an ambiguity. United States v. Shabani, 513 U.S. 10, 17, 115 S. Ct. 382, 386 (1994). In this case, a more comprehensive review of § 1101(a) removes any uncertainty caused by the typographical error in the subsections concerning crimes of violence and burglary.

Section 1101(a)(48)(B) states that "[a]ny reference to a term of imprisonment . . . is deemed to include the period of the incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment . . . in whole or in part." This definition applies to all of chapter twelve of the United States Code, including § 1101(a)(43). See United States v. Tejeda-Perez, 199 F.3d 981, 982 (8th Cir. 1999) (applying definition of "term of imprisonment" in § 1101(a)(48) to clarify § 1101(a)(43) for purposes of the Sentencing Guidelines' "aggravated felony" offense level enhancement); United States v. Banda-Zamora, 178 F.3d 728, 730 (5th Cir. 1999) (same); United States v. Graham, 169 F.3d 787, 790 (3d Cir.), cert. denied, 120 S. Ct. 116 (1999) (same); see also United States v. McKenzie, 193

6

F.3d 740, 742 (3d Cir. 1999) (applying definition of "term of imprisonment" in §

1101(a)(48) to U.S. Sentencing Guideline § 2L1.2 app. n.5, which provides a

downward departure if "the term of imprisonment imposed" for an aggravated

felony "did not exceed one year"); United States v. Chavez-Valenzuela, 170 F.3d

1038, 1039 (10th Cir. 1999) (same).  Section 1101(a)(48)(B) makes clear that even

though Maldonado-Ramirez's deportation cut short his incarceration in 1986, his

convictions still qualify as "aggravated felonies" as defined in § 1101(a)(43)

because of the lengthier sentence initially imposed by the Kansas court.

Maldonado-Ramirez is not convinced that § 1101(a)(48)'s term of

imprisonment definition resolves the ambiguity in §§ 1101(a)(43)(F)&(G) because

it does not fill in the missing language.  Instead, it simply informs the meaning of

terms already included in the definition of crimes of violence and theft.  The

missing words, according to Maldonado-Ramirez, could give the phrase "term of

imprisonment" a distinctive meaning, rendering § 1101(a)(48) inapplicable.

Maldonado-Ramirez points out that the definitions of some other offenses in

§ 1101(a)(43) make reference to sentences and terms of imprisonment in a

different way than § 1101(a)(48).  Those offenses only qualify as aggravated

felonies if the *permissible* sentence or term of imprisonment is sufficiently severe.

See 8 U.S.C. §§ 1101(a)(43)(J), (Q), & (T).

If anything, however, the fact that some portions of § 1101(a)(43) explicitly refer to punishments permitted by law reassures us that Congress did use the "term of imprisonment" language in a specialized way uninformed by § 1101(a)(48) when it so desired. Moreover, Maldonado-Ramirez' argument is entirely speculative. The question is not whether additional words would change a statute's meaning, but whether a statute has meaning as written. Congress, after all, could change the import of any law by inserting additional language. As they appear now in the United States Code, the definitions of theft offenses and violent offenses that qualify as aggravated felonies may be inartful or even grammatically incorrect, but with reference to § 1101(a)(48) they are not ambiguous or devoid of meaning.

The case law from other circuits is consistent with our conclusion that the length of the sentence imposed determines whether crimes of theft or violence constitute aggravated felonies. The Fifth and Third Circuits have rejected the argument that the missing verb in §§ 1101(a)(43)(F)&(G) renders the statutory provisions ambiguous or vague. See Banda-Zamora, 178 F.3d at 729; Graham, 169 F.3d at 789-91. Without commenting on the possible ambiguity created by the missing verb in §§ 1101(a)(43)(G), the Eighth Circuit also held that a conviction with a sentence of at least one year, even though suspended, qualifies as an

8

aggravated felony for the purposes of the statute and Sentencing Guideline § 2L1.2(b)(1)(A).  See Tejeda-Perez, 199 F.3d at 982-83.

The legislative history also supports the view that in §§ 1101(a)(43)(F)&(G) the length of the sentence imposed, rather than served, determines whether an offense qualifies as an aggravated felony.  Until 1996, §§ 1101(a)(43)(F)&(G) categorized as aggravated felonies all offenses of theft or violence "for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least five years."  8 U.S.C. §§ 1101(a)(43)(F)&(G) (1995).  As part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Congress lowered the minimum length of qualifying sentences from five years to one year.  See Pub. L. No. 104-208, Div. C, § 321(a)(3), 110 Stat. 3009, 3009-627 (1996).  Congress also struck the "imposed (regardless of any suspension of imprisonment)" language wherever it appeared throughout § 1101 and created the new § 1101(a)(48)(B), which provided a global definition of "term of imprisonment" and "sentence" applicable to all of § 1101 and all of the U.S. Code's immigration provisions.  See id. § 322(a), 110 Stat. at 3009-628 to -629.  In short, Congress stiffened the definition of aggravated felonies and attempted to organize the definitions in § 1101 more methodically.  In the process, Congress inadvertently edited the verb out of §§ 1101(a)(43)(F)&(G).  Nothing in the

9

statutory revisions, however, indicates that Congress meant to define the crimes of theft and violence qualifying as aggravated felonies in terms of anything other than the prison sentence initially imposed by the court.  House and Senate Committee Reports confirm that lowering the minimum jail sentence was the sole substantive change to §§ 1101(a)(43)(F)&(G) that Congress intended in 1996.  See H.R. Conf. Rep. No. 104-828, at 223-24 (1996); S. Rep. No. 104-249, at 17 (1996).

B.

When the district court sentenced Maldonado-Ramirez, it ordered that he not "seek relief from removal proceedings."[3]  Maldonado-Ramirez argues that the court lacked the authority to impose such a restriction.  The government agrees, and so do we.

The IIRIRA provides that a hearing before an Immigration Judge is the exclusive procedure for determining whether an alien should be deported from the United States.  See Pub. L. No. 104-208, Div. C, § 304(a)(3), 110 Stat. 3009-3009-589 (1996) (codified at 8 U.S.C. § 1229a(a)).  The statute also grants aliens a number of rights during removal hearings, including representation by counsel, the opportunity to present evidence, and the opportunity to examine the government's

---

[3] R3 at 33 (Sentencing Hr'g Tr.).

10

evidence and to cross-examine government witnesses.  See 8 U.S.C. § 1229(b)(4).

This circuit has held that the IIRIRA divests the federal courts of jurisdiction to

order deportation independently.  See United States v. Romeo, 122 F.3d 941, 943

(11th Cir. 1997).

Although the district court did not literally order Maldonado-Ramirez

deported, preventing him from raising a defense or challenging the government's

case during a removal hearing would have much the same effect, circumventing

both the IIRIRA and our holding in Romeo.  We therefore remand for the district

court to modify the sentence by eliminating the restriction on Maldonado-

Ramirez's ability to seek relief from deportation.  Because this action will operate

in the defendant's favor, the district court will not need to conduct a new

sentencing hearing.  See United States v. Giraldo-Prado, 150 F.3d 1328, 1330

(11th Cir. 1998).

## III.

We AFFIRM the defendant's sentence based on his prior conviction for an

aggravated felony.  We VACATE the portion of the sentence restricting the

defendant's ability to seek relief from removal proceedings, and we REMAND for

the district court to modify the defendant's sentence accordingly.

11