[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 22 2001
THOMAS K. KAHN
CLERK

No. 00-10899

D. C. Docket No. 99-00539 CR-JOF-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXANDER ANTOINE CHRISTOPHER,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

(January 22, 2001)

Before DUBINA and HULL, Circuit Judges, and HODGES*, District Judge.

_____
*Honorable William Terrell Hodges, U.S. District Judge for the Middle District of Florida,
sitting by designation.

DUBINA, Circuit Judge:

Alexander Antoine Christopher ("Christopher") appeals the district court's imposition of his 77-month sentence for illegal re-entry into the United States in violation of 18 U.S.C. § 1326. The sole issue he raises on appeal is whether the district court erred in imposing a 16-level enhancement pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2L1.2(b)(1)(A), because his prior conviction for theft qualified as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(G). We hold that the district court properly imposed the 16-level enhancement because Christopher's theft conviction qualifies as an "aggravated felony."

## I. BACKGROUND

In 1999, an Immigration and Naturalization Service ("INS") agent learned that Christopher, an illegal alien, was in custody at the Clayton County Detention Center, serving a sentence for probation violation. The INS agent subsequently determined that Christopher was born in Bermuda, that he entered the United States at Miami, Florida, on January 3, 1994, and that while in the United States, he was arrested and convicted in Georgia on five separate occasions for driving under the influence. In 1994, authorities charged him with the felony offense of operating a motor vehicle after being declared an habitual violator. Christopher

2

was convicted of this felony and voluntarily deported from the United States in April 1995. Christopher re-entered the United States shortly thereafter.

In 1997, Christopher was convicted in Fulton County State Court for the misdemeanor offenses of theft by shoplifting and obstruction of an officer. The court sentenced him to 12 months incarceration on each count, to run concurrently, and suspended the sentences. Following this conviction, authorities deported Christopher for a second time. Later, Christopher re-entered the United States without receiving permission from the United States Attorney General, a violation of 8 U.S.C. § 1326. A grand jury indicted Christopher for this violation, and he pled guilty to the offense. The district court sentenced him to 77 months imprisonment. When calculating Christopher's sentence, the district court added 16 levels to his base offense level under U.S.S.G. § 2L1.2(b)(1)(A), because his prior conviction for theft by shoplifting was an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). Christopher objected to the enhancement and maintains his objection on appeal.

## II. DISCUSSION

Christopher argues that the district court erred in applying to his base offense level the 16-level enhancement for being deported after committing an aggravated felony. He posits that theft by shoplifting does not meet the definition

3

of "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(G), because theft by shoplifting is an offense for which the term of imprisonment is at most one year, and not at least one year. He also contends that the language of the statute applies only to crimes that are obviously felony crimes by nature. Furthermore, Christopher argues that, to the extent that the language of 8 U.S.C. § 1326 is ambiguous, the rule of lenity requires that the ambiguity be resolved in his favor.

There is no reason to discuss the rule of lenity because we find no ambiguity in the statute. Christopher argues that an ambiguity arises with the missing verb or word(s) in 8 U.S.C. § 1101(a)(43). This section provides that a "crime of violence . . . for which the term of imprisonment [sic] at least one year" is an aggravated felony. We resolved this arguable ambiguity in *United States v. Maldonado-Ramirez*, 216 F.3d 940, 944 (11th Cir. 2000), *pet. for cert. filed*, September 25, 2000 (No. 00-6264). In *Maldonado-Ramirez*, we noted that a "more comprehensive review of § 1101(a) removes any uncertainty caused by the typographical error in the subsections concerning crimes of violence and burglary." 216 F.3d at 943. We looked to section 1101(a)(48)(B), which states that "[a]ny reference to a term of imprisonment . . . is deemed to include the period of the incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment . . . in whole or in

4

part." We also noted that Congress could change the import of any statute by inserting new language, but the definitions of theft offenses and violent offenses as they appear in the statute "are not ambiguous or devoid of meaning." *Id.* at 944. Thus, we concluded that the length of sentence imposed determines whether a crime of theft constitutes an "aggravated felony." *Id.; see also United States v. Guzman-Bera*, 216 F.3d 1019, 1020 (11th Cir. 2000) (holding that the statute means the sentence actually imposed).

We discern a clear intent in the statute to include as an "aggravated felony" any theft offense for which the term of imprisonment is at least one year. Accordingly, it does not matter that Christopher's theft offense is one for which the term of imprisonment is *at most one year*. The state court sentenced Christopher to 12 months incarceration on his theft offense. Since the sentence imposed is the controlling factor, Christopher's theft offense qualifies as an "aggravated felony." The fact that the state court suspended his sentence is irrelevant. *Guzman-Bera*, 216 F.3d at 1020 (referencing 8 U.S.C. § 1101(a)(48)(B)).

Alternatively, Christopher argues that his theft conviction cannot be an "aggravated felony" because it is a misdemeanor under state law. This is an issue of first impression for our circuit. The other circuits that have addressed this issue have decided that misdemeanors can qualify as "aggravated felonies" under the

statute. *See United States v. Pacheco*, 225 F.3d 148, 254 (2nd Cir. 2000)*; Wireko v. Reno*, 211 F.3d 833, 835 (4th Cir. 2000); *United States v. Graham*, 169 F.3d 787, 792 (3rd Cir.), *cert. denied*, 528 U.S. 845, 120 S.Ct. 116 (1999). We find the reasoning of our sister circuits persuasive and adopt it as the law of this circuit.

In *Graham*, the defendant pled guilty to illegal re-entry into the United States following deportation. The district court imposed a 16-level enhancement based on a prior New York state conviction for petit larceny, which, under state law, was a misdemeanor carrying a maximum one-year prison term. 169 F.3d at 789. The state court sentenced Graham to a one-year prison term for the petit larceny conviction. On appeal, Graham argued that his misdemeanor could not be an "aggravated felony" that subjected him to a 16-level enhancement. The Third Circuit held that Congress was defining a term of art, "aggravated felony," which in this case includes certain misdemeanants who receive a sentence of one year. *Id.* The court gave effect to the definition of the underlying offense and ignored the label. Accordingly, the court upheld the enhancement, finding that Graham's state misdemeanor conviction qualified as an aggravated felony because the sentence imposed was one year. *Id*. at 793.

The Second Circuit in *Pacheco* followed the *Graham* court and held that a misdemeanor may, in some cases and consistent with legislative intent, fall within

the Immigration and Nationality Act's definition of "aggravated felony." In *Pacheco*, the defendant pled guilty to illegal re-entry in the United States after having been deported. Prior to sentencing, the government urged the court to impose the 16-level enhancement because of Pacheco's prior convictions – a 1992 shoplifting conviction, a 1995 conviction for simple domestic assault, and a 1992 conviction for larceny under $500. Each conviction earned Pacheco a suspended one-year sentence, followed by one year of probation. The district court agreed with the government and imposed the 16-level enhancement.

On appeal, the Second Circuit upheld the enhancement, noting that the House Report shows that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 expanded the definition of "aggravated felony" as it applies to crimes of violence and theft offenses for the clear purpose of bringing more convictions within its ambit. 225 F.3d at 154. The court also determined that nothing in the legislative history indicated that in lowering the term of imprisonment to one year, "Congress intended to exclude a conviction that otherwise meets the definition merely because it is labeled under state law as a misdemeanor, and may, in another case, be punished by a term of less than one year." *Id.* Therefore, the court determined that the defendant's state misdemeanor

7

convictions should be considered "aggravated felonies" that warranted the 16-level enhancement.

We adopt the reasoning of our sister circuits and hold that felony status is not an absolute requirement for the use of the "aggravated felony" enhancement. Although Congress apparently did not notice that it might be breaking the time-honored line between felonies and misdemeanors, Congress had the power to define the punishment for the crime of re-entering the United States after deportation. As the *Graham* court noted, the term "aggravated felony" under the statute is a term of art which includes any crime, including certain misdemeanors that Congress determined qualified as an "aggravated felony." 169 F.3d at 792; *Wireko*, 211 F.3d at 835.

### III.  CONCLUSION

The statute includes as an "aggravated felony" any theft offense for which the term of imprisonment is at least one year. Christopher's offense meets this definition. Although the theft offense is a misdemeanor under state law, it qualifies as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(A) & (F). Accordingly, we affirm the district court's imposition of the 16-level enhancement to Christopher's base offense level pursuant to U.S.S.G. § 2L1.2.

AFFIRMED.