**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan ROMERO–ESTRADA,
Defendant–Appellant.**

**No. 00–5554.**

United States Court of Appeals,
Sixth Circuit.

June 18, 2001.

Before JONES, DAUGHTREY, and COLE, Circuit Judges.

This is a direct appeal from a judgment of conviction in a criminal prosecution. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Juan Romero–Estrada was charged in a one-count indictment with illegally reentering the United States after having previously been deported subsequent to the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court later accepted Romero–Estrada's guilty plea and sentenced him to a seventy month term of imprisonment and this appeal followed.

There is only one issue before this court, namely, the propriety of the district court's decision to apply a sixteen-level enhancement to the base offense level of Romero–Estrada pursuant to USSG § 2L1.2(b)(1)(A) (sixteen level increase if prior conviction was for aggravated felony). This court reviews *de novo* a district court's interpretation of the guidelines where, as here, the interpretation is based on undisputed facts. *United States v. Carroll,* 893 F.2d 1502, 1508 (6th Cir.1990). A de novo review of the record and law supports the decision on appeal.

On December 6, 1990, Romero–Estrada was sentenced to a prison term of eight years following his conviction in Texas state court for burglary of a vehicle. Romero–Estrada did not serve more than one year of this term of imprisonment, however, as he was deported on May 14, 1991. Romero–Estrada was apprehended and indicted in Tennessee in 1999 without having received permission to re-enter the United States or without ever having challenged the validity of the Texas burglary conviction.

Romero–Estrada agreed to plead guilty to the indictment and the matter was referred to the probation department for a presentence report. The probation officer concluded that Romero–Estrada's base offense level was subject to the sixteen level enhancement found in USSG § 2L1.2(b)(1)(A). That guideline provides, in relevant part, for a sixteen level enhancement if the defendant previously was deported after a criminal conviction for an aggravated felony. Counsel for Romero–Estrada registered an objection to this enhancement as Romero–Estrada was actually imprisoned less than one year for the burglary conviction before he was deported. Counsel thus argued that the service of less that one year imprisonment took the burglary conviction out of the definition of an aggravated felony found at

8 U.S.C. § 1101(a)(43). Counsel relied on a minor grammatical omission found in § 1101(a)(43) in making this argument.

The matter proceeded to sentencing. The district court considered the objection and concluded that the length of the burglary sentence, not the actual time served by Romero–Estrada pursuant to the eight-year sentence, was the controlling factor in the definition of an aggravated felony, and denied the objection. On appeal, counsel for Romero–Estrada raises this issue anew.

The range of permissible base offense levels for one unlawfully entering or remaining in the United States is set forth in USSG § 2L1.2. The base offense level of eight, found in § 2L1.2(a), will be superseded by the base offense level of sixteen if the defendant previously had been deported after being convicted of an aggravated felony. Application Note One for this provision adopts the definition of "aggravated felony" provided at 8 U.S.C. § 1101(a)(43). That definition is "a crime of violence ... for which the term of imprisonment [sic] at least one year," and "a theft offense ... or burglary offense for which the term of imprisonment [sic] at least one year." 8 U.S.C. § 1101(a)(43)(F) & (G). These latter two definitions are marred by the omission of a verb (most probably "is") following the word "imprisonment." Counsel for Romero–Estrada argues that this omission renders these definitions capable of more than one interpretation, namely, "imprisonment imposed" or "imprisonment served." Counsel thus posits that the rule of lenity requires a court of law to give his client the benefit of the doubt in these patently ambiguous definitions.

The plain language of the relevant, controlling statutes shows the meritless nature of Romero–Estrada's argument. 8 U.S.C. § 1101(a)(48)(B) states that "[a]ny

reference to a term of imprisonment ... is deemed to include the period of the incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment ... in whole or in part." This definition applies to all of chapter twelve of the United States Code, of which 8 U.S.C. § 1101(a)(43) is a part. Any attempt to exploit the alleged "ambiguity" of this latter section runs aground on the plain, controlling language of § 1101(a)(48)(B). In addition, this identical argument has been rejected by every court that has considered it. *See, e.g., United States v. Maldonado–Ramirez,* 216 F.3d 940, 942–43 (11th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 860, 148 L.Ed.2d 774 (2001). This appeal lacks merit.

Accordingly, the district court's judgment is affirmed.