[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 18, 2006
THOMAS K. KAHN
CLERK

No. 05-15727
Non-Argument Calendar
_____

D. C. Docket No. 04-00206-CV-OC-10-GRJ

LAWRENCE J. PIZZICHIELLO,

Petitioner-Appellant,

versus

DIRECTOR FEDERAL BOP,
WARDEN,
Coleman Federal Correctional Complex,
UNITED STATES OF AMERICA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(August 18, 2006)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Petitioner is a federal prison inmate. He appeals the district court's denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. He contends that the court erred in refusing to credit his federal sentence with 750 days of good time credit ("GTC") earned while serving a Montana sentence.[1]

An inmate receives credit for "any time he has spent in official detention" prior to when he begins serving the federal sentence if that official detention was on account of the "offense for which the sentence was imposed." 18 U.S.C. § 3585(b)(1). Section 3585(b) does not mention the transfer of earned GTC from state to federal sentences. See id. Section 4105(c)(1) provides, however, that persons transferred from foreign prisons transfer with the good time credit earned in serving the foreign sentence. 18 U.S.C. § 4105(c)(1).

Section 3585(b) is not ambiguous. It only authorizes the Bureau of Prisons ("BOP") to give credit for time an inmate has spent in official detention. State GTC is not time spent in official detention as its redemption results in an early release from detention. Had petitioner completed his state sentence, Montana would have released him before the projected end of his sentence based on his

_____

[1] What petitioner is actually complaining of is the refusal of the Bureau of Prisons to credit his sentence with the GTC earned in Montana, not the failure of the district court to provide in the judgment (pursuant to which petitioner is serving his federal sentence) that he should be given credit for the Montana GTC.

2

earned GTC.  The BOP could not have credited his federal sentence with the time

he did not serve on the end of his sentence because it was not spent in official

detention.  Considering § 4105 in conjunction with § 3585(b) does not alter this

conclusion.  Section 4105(c)(1) specifically references credits for both time served

and GTC, while § 3585(b) is limited to official detention.  Lastly, to the extent that

§ 3585(b) might be considered ambiguous, the BOP's interpretation of the statute,

that GTC is not transferred, is reasonable and not clearly contrary to the law.[2]

Petitioner contends, alternatively, that the rule of lenity requires that he be

credited with GTC earned in Montana.  Under the "rule of lenity," ambiguities in

criminal statutes are resolved in favor of the defendant.  United States v.

Maldonado-Ramirez, 216 F.3d 940, 943 (11th Cir. 2000).  The rule is not a

"doctrine of first resort," but only applied when "'the traditional canons of

statutory construction' fail to resolve an ambiguity."  Id. (citation omitted).

---

[2] The Supreme Court has established a two-step process for reviewing an agency's interpretation of a statute which it administers.  Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694 (1984).  First, if congressional purpose is clear, then interpreting courts and administrative agencies "must give effect to the unambiguously expressed intent of Congress."  Id., at 842-43, 104 S.Ct. at 2781.  A second level of review, however, is triggered when "the statute is silent or ambiguous with respect to the specific issue."  Id. at 843, 104 S.Ct. at 2782.  A court may not substitute its own construction of a statutory provision for a reasonable interpretation by an administrating agency. Id. at 844, 104 S.Ct. at 2782.  An agency's interpretation is reasonable and controlling unless it is "arbitrary, capricious, or clearly contrary to law." Alabama Power Co. v. Fed. Energy Regulatory Comm'n, 22 F.3d 270, 272 (11th Cir. 1994).  In this case, we conclude that Chevron deference is due the BOP with respect to its decision to deny petitioner the relief he seeks.

As noted above, § 3585(b) is not ambiguous since the statutory text clearly does not address the transfer of GTC from state to federal sentences. Further, even if it were considered ambiguous, the BOP's interpretation of the statute is reasonable. As the statute was not ambiguous and any ambiguity could be resolved through reference to the BOP's interpretation, the rule of lenity is inapplicable.[3]

AFFIRMED.

---

[3] In his brief to us, petitioner argues that the BOP's failure to credit his sentence with the Montanan GTC denied him due process of law and the Double Jeopardy Clause. Because he did not present this argument to the district court, we do not consider it here.