[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15746
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00143-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGO BARRERA-CRUZ,
a.k.a. Francisco Barrera-Cornejo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 28, 2009)

Before TJOFLAT, BLACK and FAY, Circuit Judges.

PER CURIAM:

Hugo Barrera-Cruz appeals his 30-month sentence imposed for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). Barrera-Cruz contends the district court plainly erred by relying on his 2001 conviction for willful cruelty to child possibly resulting in injury or death, in violation of Cal. Penal Code § 273a(a), to enhance his sentence eight levels based on an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C). He asserts his conviction does not qualify as an aggravated felony under § 2L1.2(b)(1)(C) because it was not punished by more than one year in prison.[1] He contends he satisfies the plain-error test because he received a sentence at the bottom end of his miscalculated Guidelines range, and there is a reasonably probability that, with a new range, he would likely receive a lower sentence.[2] We vacate and remand for resentencing.

_____

[1] The Government asserts two alternative reasons why we should not entertain this issue on appeal. First, the Government contends Barrera-Cruz waived the issue before the district court. His silence when the district court declared the crime to be a felony, however, cannot reasonably be construed as an intentional relinquishment of the right to challenge whether it was an *aggravated* felony. Thus, he merely forfeited the one-year issue by failing to raise it before the district court. *See United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc) (applying *United States v. Olano*, 113 S. Ct. 1770 (1993)) ("We now hold, consistent with *Olano*, that a waiver is the intentional relinquishment of a known right, whereas the simple failure to assert a right, without any affirmative steps to voluntarily waive the claim, is a forfeiture to be reviewed under the plain error standard embodied in Rule 52(b)."). Second, the Government contends Barrera-Cruz did not adequately raise this issue in his brief on appeal. We conclude he adequately raised this issue in his brief on appeal, and provided citation of authority in support of his claim. *See Flanigan's Enters., Inc. of Ga. v. Fulton County*, 242 F.3d 976, 987 n.16 (11th Cir. 2001).

[2] Barrera-Cruz further argues on appeal the crime was not categorically a crime of violence, under 18 U.S.C. § 16, and therefore not an aggravated felony, pursuant to 8 U.S.C. § 1101(a)(43)(F). However, because we resolve the other issue in his favor, it is unnecessary to consider this issue.

Pursuant to U.S.S.G. § 2L1.2(b)(1)(C), a defendant receives an 8-level enhancement if he was deported from the United States or remained unlawfully after a conviction for an aggravated felony. An "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F) includes a "crime of violence (as defined by 18 U.S.C. § 16, but not including a purely political offense) for which the term of imprisonment [is] at least one year." The one-year requirement applies to the length of the term of the sentence imposed by the court. *United States v. Maldonado-Ramirez*, 216 F.3d 940, 942 (11th Cir. 2000).

Forfeited claims are reviewed only for plain error. *United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc). To show plain error, a defendant must demonstrate that: "(1) there is an error; (2) that is plain or obvious; (3) affecting [his] substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005). To establish prejudice, an appellant must show that, viewing the proceedings in their entirety, the error did affect the sentence and the sentence was substantially swayed by the error. *United States v. Mathenia*, 409 F.3d 1289, 1292 (11th Cir. 2005).

In *United States v. Bennett*, 472 F.3d 825, 834 (11th Cir. 2006), we found plain error and vacated for resentencing when the total offense level was

3

miscalculated by one level. The district court in that case had expressed a desire to sentence Bennett to the lower end of the Guidelines and because of this, there was a reasonable probability the district court would have given him a different sentence if the correct Guidelines range was used. *Id.*

The district court committed error by enhancing Barrera-Cruz's sentence under § 2L1.2(b)(1)(C). The PSI states the sentence imposed in Barrera-Cruz's 2001 California conviction was 180 days. Under 8 U.S.C. § 1101(a)(43)(F), a conviction qualifies as an aggravated felony only if the term of imprisonment is at least one year. Further, this error is plain, as the sentence imposed was less than the amount required by statute.

At sentencing, Barrera-Cruz's final offense level was 13 and his criminal history category was V, yielding a range of 30 to 37 months. The district court sentenced him to the bottom of the Guidelines range, 30 months. Absent any other changes, Barrera-Cruz would have been eligible for a four-level increase for being deported pursuant to committing a felony rather than an eight-level increase for an aggravated felony. *See* U.S.S.G. § 2L1.2(b)(1)(D). Thus, his corrected offense level would be 9 and his criminal history category V, yielding a corrected Guidelines range of 18 to 24 months.

We conclude this error in calculation was prejudicial. Similar to *Bennett*, Barrera-Cruz was sentenced to the bottom of his Guidelines range. Although the district court rejected Barrera-Cruz's argument for a sentence between 21 and 27 months, the district court was not aware that Barrera-Cruz's corrected Guidelines range was even lower–18 to 24 months–and there is a reasonable probability the miscalculation of the Guidelines substantially swayed the sentence imposed. *See Mathenia*, 409 F.3d at 1292. We conclude the error was prejudicial and seriously affected the fairness, integrity, or public reputation of the judicial proceedings. Accordingly, we vacate Barrera-Cruz's sentence and remand for resentencing.[3]

**VACATED AND REMANDED.**

---

[3] We do not suggest that Barrera-Cruz's Guidelines range is 18 to 24 months' imprisonment. We further do not suggest that the district court must impose any particular sentence on remand or that the district court is not free to impose the same sentence. On remand, the district court should determine what sentence is reasonable and appropriate after considering its recalculated advisory Guidelines range and the factors set forth in 18 U.S.C. § 3553(a).