**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2398
_____

RICHARD CARRINGTON,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A042-303-040 )
Immigration Judge:  Honorable Andrew R. Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 23, 2011
Before:  FUENTES, GREENAWAY, JR. and ROTH, Circuit Judges

(Opinion filed:  April 5, 2011)
_____

OPINION
_____

PER CURIAM

Richard Carrington petitions for review of a decision of the Board of

Immigration Appeals ("BIA"), which dismissed his appeal from an Immigration Judge's

("IJ") final removal order.  For the reasons below, we will deny the petition for review.

1

Carrington is a native and citizen of Barbados. He was admitted to the United States as a Legal Permanent Resident in August 1991. In 1997, he pled guilty to and was convicted of forgery in Pennsylvania state court. He was sentenced to twenty-three months of imprisonment, with immediate parole given at the time of sentencing. In August 2009, the Department of Homeland Security served Carrington with a Notice to Appear ("NTA"), charging him with removability for having committed an aggravated felony, see INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)], and for having been convicted of two or more crimes involving moral turpitude, see INA § 237(a)(2)(A)(ii) [8 U.S.C. § 1227(a)(2)(A)(ii)].

On November 16, 2009, after being afforded two continuances to obtain an attorney or representative of his choosing, the IJ proceeded with Carrington's hearing and he admitted the allegations in the NTA. The IJ found Carrington removable as charged under INA § 237(a)(2)(A)(iii), as defined in INA § 101(a)(43)(R) [8 U.S.C. § 1101(a)(43)(R)], based on his forgery conviction. However, the IJ found that Carrington was not removable under INA § 237(a)(2)(A)(ii). Accordingly, the IJ concluded that Carrington was not eligible for discretionary relief from removal and ordered him removed to Barbados.

Carrington timely appealed the decision to the BIA and, on April 12, 2010, the BIA dismissed the appeal, noting that Carrington had not filed any relief applications. The BIA concluded that the IJ was correct in finding that Carrington's record of conviction for forgery, for which the term of imprisonment was at least one year,

constituted an aggravated felony under INA § 101(a)(43)(R). Carrington has petitioned for review of the BIA's decision.

## II.

We have jurisdiction over Carrington's petition for review under 8 U.S.C. § 1252(a)(2)(D).[1] Although 8 U.S.C. §1252(a)(2)(C) limits our jurisdiction over final decisions ordering removal based on the commission of an aggravated felony, we retain jurisdiction over constitutional claims and questions of law. See Leslie v. Att'y Gen., 611 F.3d 171, 174 (3d Cir. 2010) (citing 8 U.S.C. §1252(a)(2)(D) and Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d. Cir. 2005)). The question whether a particular conviction constitutes an aggravated felony is a legal question that we review de novo. Jeune v. Att'y Gen., 476 F.3d 199, 201 (3d Cir. 2007).

Despite Carrington's arguments to the contrary, the BIA properly concluded that he was convicted of an aggravated felony. The statutory definition of aggravated felony includes "an offense relating to . . . forgery . . . for which the term of imprisonment is at least one year." INA § 101(a)(43)(R). In Drakes v. Zimski, 240 F.3d 246, 250-51 (3d Cir. 2001), we concluded that a violation of the Delaware forgery statute, which encompassed more conduct than the traditional definition of forgery by including an intent to deceive or injure, in addition to an intent to defraud, constituted an aggravated felony. We further concluded that Congress intended to define forgery in its broadest sense by stating that an offense "relating to" forgery qualifies as an aggravated felony.

---

[1] We reject the Government's argument that the petition for review was untimely filed.

Id. At 249.  Like Delaware's statute, Pennsylvania's forgery statute also includes the intent to defraud or injure.  See 18 Pa. Cons. Stat. § 4101(a).

Carrington also argues that his conviction is not an aggravated felony as defined under the INA because he was not sentenced to a term of imprisonment of at least one year, as is required under § 101(a)(43)(R).  Specifically, he claims that although he was sentenced to a maximum term of twenty-three months of imprisonment, he was immediately paroled at the time of his sentencing.  However, the BIA properly held that § 101(a)(43)(R) refers to the sentence imposed, not the time actually served, in determining whether a criminal conviction is an aggravated felony under the INA.  See, e.g., United States v. Maldonado-Ramirez, 216 F.3d 940, 943-44 (11th Cir. 2000).

The BIA also properly held that, for immigration purposes, the type of indeterminate sentence that Carrington received is treated as functionally equivalent to a sentence with only a maximum term.  "Under Pennsylvania law, the minimum term imposed on a prison sentence merely sets the date prior to which a prisoner may not be paroled."  Rogers v. Pa. Bd. Of Probation & Parole, 724 A.2d 319, 321 n.2 (Pa. 1999).  The maximum range, therefore, controls whether the term of imprisonment is at least one year.  See Bovkun v. Ashcroft, 283 F.3d 166, 170-71 (3d Cir. 2002).  Under Bovkun, Carrington's maximum term of twenty-three months is sufficient to qualify as an aggravated felony under INA § 101(a)(43)(R).[2]  Thus, we conclude that Carrington was

_____

[2] We also reject Carrington's contention that because the loss to the victim in his case totals less than $10,000, his forgery offense does not qualify as an aggravated felony.  Although his argument is not well developed, he appears to assert that his conviction is also encompassed by INA § 101(a)(43)(M).  That provision, in

4

properly found removable for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(R).

Lastly, Carrington argues that his due process rights were violated because the agency did not provide him with fair notice of the charges against him. Specifically, he argues that although the NTA correctly charged him with removability for having been convicted of forgery pursuant to 18 Pa. Cons. Stat. § 4101(a)(1), the IJ indicated in his opinion that Carrington had been convicted of forgery under subsections (a)(2) and (a)(3) of the statute. The BIA concluded, and we agree, that Carrington was put on fair notice of the charges against him and that any errors were harmless and did not result in any prejudice to him. Indeed, it is § 4101(a) that renders any subsection (i.e., (a)(1), (a)(2), or (a)(3)) of the statute an aggravated felony.[3]

The NTA clearly indicates that Carrington was removable for having been convicted under § 4101(a). Moreover, we agree with the BIA that Carrington has failed

---

relevant part, refers to an offense that "involves fraud or deceit in which the loss to the . . . victim [ ] exceeds $10,000 . . ." However, the argument is foreclosed by our holding in Bobb v. Att'y Gen., 458 F.3d 213, 226 (3d Cir. 2006), wherein we determined that that forgery is not a hybrid offense because "the class 'offense related to forgery' is not entirely a subset of the class 'offense involving fraud.'"

[3] Section 4101(a) provides: A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor: (1) alters any writing of another without his authority; (2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or (3) utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection. 18 Pa. Cons. Stat. § 4101(a).

to allege, let alone demonstrate that, even if an error were found, he suffered substantial prejudice.  See Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005) (requiring  a showing of substantial prejudice to prevail on a due process challenge).[4]

For the above reasons, we will deny the petition for review.

---

[4] We lack jurisdiction to review Carrington's argument that he is actually innocent of forgery under Pennsylvania law.