**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1319
_____

EDGAR MATONGO MEKENYE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A057-963-529)
Immigration Judge: Honorable Andrew R. Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 21, 2011

Before:  JORDAN, GARTH and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 22, 2011 )

_____

OPINION
_____

PER CURIAM

Edgar Matongo Mekenye petitions for review of a final order of the Board of

Immigration Appeals ("BIA").  For the following reasons, we will deny the petition for

review.

**I.**

Mekenye is a native and citizen of Kenya who entered the United States as a lawful permanent resident on January 19, 2005. On January 22, 2009, after pleading guilty to burglary in the third degree under Del. Code Ann. tit. 11, § 824 (2009), Mekenye was sentenced to three years in the custody of the Delaware Department of Correction at supervision level 5. After four months of confinement, Mekenye's sentence was suspended for twelve months of probation at level 3, followed by eight months of probation at level 2. A Notice to Appear was issued on February 24, 2009, and served on Mekenye on September 9, 2009, charging him with being removable as an alien convicted of an aggravated felony as defined in INA § 101(a)(43)(G) , 8 U.S.C. § 1101(a)(43)(G), relating to a theft or burglary offense, and under INA § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i), as an alien convicted of a crime involving moral turpitude for which a sentence of one year or longer may be imposed and having been committed within five years after admission. Mekenye thereafter filed an application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"), claiming persecution or a fear of persecution on account of his religion (witchcraft), political opinion (his association with the politico-religious group Mungiki), and the fact that he is a homosexual.

The Immigration Judge ("IJ") denied all requested relief. The IJ found that, given the imposition of a three year term of imprisonment, Mekenye's burglary conviction was an aggravated felony under INA § 101(a)(43)(G), and therefore he was ineligible for

asylum as a matter of law. The IJ further determined that Mekenye's burglary conviction amounted to a crime of moral turpitude. Having committed the burglary within five years of his entry into the United States., Mekenye was found removable on this basis as well. In addition, because of the danger that accompanies the crime of burglary (e.g., the substantial risk that the burglar will use force against a victim), the IJ found that Mekenye's crime was a particularly serious one notwithstanding the suspension of his otherwise substantial three year sentence. As such, the IJ concluded that Mekenye was also ineligible to apply for withholding of removal pursuant to INA § 241(b)(3)(B)(ii), 8 U.S.C. § 1231(b)(3)(B)(ii). Even absent the finding that Mekenye's crime was a particularly serious one, the IJ nonetheless stated that he would deny petitioner's application for withholding of removal based on concerns about Mekenye's credibility. In fact, the IJ concluded that the discrepancies between Mekenye's testimony and that of his father, as well as between petitioner's testimony and his own affidavits, warranted a finding that his asylum application was frivolous within the meaning of 8 C.F.R. § 1208.20.

The BIA affirmed the IJ's decision in an order issued on January 28, 2011, and dismissed Mekenye's appeal. The BIA rejected Mekenye's challenge to the IJ's determination that he was convicted of an aggravated felony. Citing INA § 101(a)(48)(B), 8 U.S.C. § 1101(a)(48)(B), the BIA noted that a "term of imprisonment" found in § 101(a)(43)(G) includes the period of incarceration ordered by the court regardless of any suspension of the imposition or execution of that sentence. The BIA

3

further concluded that the IJ properly determined that petitioner was convicted of a particularly serious crime and a crime of moral turpitude. The BIA noted that Mekenye did not challenge his removability on these grounds in any event. Further, having concluded that the IJ set forth specific reasons for its adverse credibility finding, the BIA found nothing clearly erroneous with that determination and, thus, with the IJ's alternative finding that Mekenye was ineligible for withholding of removal because he failed to provide credible testimony and evidence in support of his claim. Mekenye's CAT claim was found to have been waived on appeal. Finally, finding that the IJ's frivolousness determination was supported by specific and cogent reasons, the BIA concluded that the IJ's finding of frivoulousness was appropriate under the circumstances. A timely petition for review followed.

## II.

As the government correctly points out, our jurisdiction to review the final order of removal in this case is limited because Mekenye was found removable for having committed an aggravated felony. See INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). The question of whether Mekenye's offense constitutes an aggravated felony is reviewed de novo as it implicates a purely legal question. See Valansi v. Ashcroft, 278 F.3d 203, 207 (3d Cir. 2002). We agree with the BIA that Mekenye's burglary conviction is an aggravated felony.

As the BIA properly determined, the statute defining theft or burglary offenses as aggravated felonies refers to the sentence imposed – not the time actually served – in

4

determining whether a criminal conviction is an aggravated felony. See INA § 101(a)(43)(G). Moreover, as noted by the BIA and set forth in INA § 101(a)(48)(B), "[a]ny reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law *regardless of any suspension of the imposition or execution of that imprisonment or sentence* in whole or in part." (Emphasis added). See also United States v. Graham, 169 F.3d 787, 790 (3d Cir. 1999) (the actual term of the sentence imposed is "ordinarily the definitional touchstone"); United States v. Maldonado-Ramirez, 216 F.3d 940, 943-44 (11th Cir. 2000) (concluding that the length of the sentence imposed determines whether crimes of theft or violence constitute aggravated felonies under the INA). Mekenye's sentence of three years in the custody of the Delaware Department of Correction at supervision level 5 meets this requirement regardless of the fact that it was ultimately suspended for a period of intense supervision. See A.R. at 490-93. Therefore, we possess jurisdiction over only constitutional claims and questions of law. See INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).

Mekenye's other arguments on appeal, however, do not implicate constitutional or legal issues. To the extent Mekenye takes issue with the BIA's determination that he did not present a credible claim of eligibility for withholding of removal, this is a factual determination over which we have no jurisdiction. See Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004). Mekenye's only other challenge appears to be to his continued confinement. Mekenye challenges the constitutionality of his detention, arguing that the

mandatory detention provision of INA § 236(c), 8 U.S.C. § 1226(c), does not apply to him and that he is entitled to release on bond. As noted by the government, Mekenye's detention is not within the scope of the instant petition for review, see INA § 242(a)(1), 8 U.S.C. § 1252(a)(1) (limiting jurisdiction of courts of appeal to review final orders of removal), and the constitutionality of his continued confinement is one to be addressed to the District Court in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241 in the first instance. See, e.g., Demore v. Kim, 538 U.S. 510, 517 (2003) (Supreme Court rejected the contention that § 1226(e) deprives courts of jurisdiction to consider challenges to the interpretation of the mandatory detention statute); Bonhometre v. Gonzales, 414 F.3d 442, 446 n.4 (3d Cir. 2005) (noting that habeas corpus is the means by which an alien challenges the legality of his detention).[1]

### III.

For the reasons noted, we will deny Mekenye's petition for review to the limited extent, described above, that he presents any questions of law. Otherwise we will dismiss the petition for review.

---

[1] We deem all other issues to be waived. See Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005).